Thomas Larry **KELLEY**, Petitioner-Appellant,

v.

**UNITED STATES of America**, Respondent-Appellee.

No. 73–1240.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 9, 1973.

Decided Nov. 29, 1973.

James D. Todd, Jackson, Tenn. (Court-appointed), for petitioner-appellant.

Thomas F. Turley, Jr., U. S. Atty., William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn., on brief, for respondent-appellee.

Before PECK and McCREE, Circuit Judges, and ALLEN,* District Judge.

* The Honorable Charles M. Allen, United States District Judge for the Western District of Kentucky, sitting by designation.

PER CURIAM.

This is an appeal from an order denying a motion to vacate sentence pursuant to 28 U.S.C. § 2255.

After a judgment of conviction entered on a plea of guilty to charges of bank robbery, in violation of 18 U.S.C. § 2113(a), appellant was sentenced to a term of 15 years on December 6, 1965. For some reason not apparent in the record before us, the official court reporter has destroyed all transcripts more than five years old, including that of Kelley's sentencing.

On November 27, 1972, Kelley filed a motion to vacate sentence and alleged that the sentencing judge had been furnished a presentence report that contained, among other things, information that Kelley had several convictions for armed robbery, burglary and other offenses and that these convictions are vulnerable because he had not been represented by counsel and had not waived the assistance of counsel. His petition alleged that the sentencing judge commented from the bench about Kelley's dangerous activities and pronounced the fifteen year sentence as part of his duty "to protect society from undesirables roaming our fair countryside, armed to the teeth and seeking ill-gotten gains from those who must survive through diligence and honest employment."

Before the United States attorney filed a response to the motion, the district court, presided over by a different judge from the one who had pronounced the sentence, denied appellant's motion to vacate because the sentencing judge had not imposed the maximum sentence of twenty years and because it did not appear here, as it did in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), that the prior convictions relied upon had been conclusively determined to be invalid. He stated as a further reason his belief that the sentence imposed was not excessive in light of appellant's record.

We conclude that the district court erred in not awaiting an answer by the United States attorney because if the allegations in the motion are true, appellant is entitled to relief because invalid convictions cannot be used to enhance a sentence. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). If appellant's allegations were controverted, an evidentiary hearing would be required to determine whether the prior sentences were unconstitutionally void because of the failure to afford counsel as required by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Here, even though the maximum sentence was not imposed, it is clear from the quoted statement of the sentencing judge that the prior criminal record was an important factor in his determination of the length of the prison term he imposed.

Accordingly, the cause is remanded to permit appellee to file an answer and for further proceedings as may be appropriate.

Reversed and remanded.