ARTHUR RAY CRAIGO *v.* STATE OF INDIANA ON THE RELATION OF RALPH W. VAN NATTA, COMMISSIONER OF THE BUREAU OF MOTOR VEHICLES.

[No. 3-1173A150. Filed February 4, 1975.]

*Jerry N. Virgil,* of Elkhart, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

HOFFMAN, J.—This is an appeal by defendant-appellant Arthur Ray Craigo from a judgment of the trial court ordering the suspension of his driver's license.

On March 23, 1973, an affidavit was filed against appellant wherein it was alleged that he is an habitual traffic offender. Attached to the affidavit was a certified copy of appellant's driving record. Following a hearing on June 15, 1973, the trial court found appellant to be an habitual traffic offender and ordered that his driving privileges be suspended for a

period of ten years. Thereafter, appellant's motion to correct errors was overruled and the present appeal was perfected.

The sole issue which will be considered is whether the trial court's finding that appellant is an habitual traffic offender is supported by sufficient evidence.

The only evidence presented at the hearing was the affidavit initiating this proceeding and a copy of Craigo's driving record certified by the Commissioner of the Bureau of Motor Vehicles. This record indicates numerous convictions of motor vehicle violations, the most recent conviction occurring on January 12, 1973. This record, however, does not indicate on what date the offenses resulting in these convictions were committed.

IC 1971, 9-4-13-3 (Burns Code Ed.), provides, in pertinent part, as follows:

> "(a) The term 'habitual traffic offender' means any person who, within a ten [10] year period, accumulates convictions of the number and type specified in paragraphs (1), (2), (3), and (4) of this subsection, in determining the ten [10] year period, at least one [1] of such offenses must occur on or after the effective date [September 1, 1972] of this chapter."

The requirement that at least one of the offenses be committed "on or after the effective date *** of this chapter" is necessary to avoid the constitutional proscription of *ex post facto* laws. *State ex rel. Van Natta* v. *Rising* (1974), 262 Ind. 33, 310 N.E.2d 873. See: Art. 1, § 10 of the Constitution of the United States; Art. 1, § 24 of the Constitution of the State of Indiana. It should be pointed out that it is not the occurrence of a conviction on or after the effective date of the chapter which renders its penalties constitutionally capable of imposition; rather, it is the commission of an offense on or after September 1, 1972, which must be shown by the State. In the case at bar, the State demonstrated only that on January 12, 1973, Craigo was convicted of offenses enumerated in IC 1971, 9-4-13-3 (a) (2) (A-G) (Burns Code Ed.). It must be concluded that the

trial court's finding that appellant is an habitual traffic offender as defined in IC 1971, 9-4-13-3, *supra,* is not supported by the evidence.

Furthermore, while appellant's driving record indicates the existence of abstracts of court records relating to convictions, the individual abstracts in this instance do not accompany the document. The defendant is entitled to be informed of where, when and in what court such convictions occurred.

IC 1971, 9-4-13-4 (Burns Code Ed.) requires that copies of *both* the driving record and relevant abstracts of convictions be certified and disseminated to several different authorities. IC 1971, 9-4-13-5 (Burns Code Ed.), states that "such documents shall be a part of the affidavit." The latter requirement has not been fulfilled in the present case. Accordingly, the judgment of the trial court entered herein is reversed.

Reversed.

Staton, P.J. and Garrard, J., concur.