CHARLES E. GARBER *v.* STATE OF INDIANA ON THE RELATION OF THE COMMISSIONER OF THE BUREAU OF MOTOR VEHICLES.

[No. 3-1173A147. Filed February 27, 1975.]

*W. Richard Herron,* of Elkhart, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

HOFFMAN, J.—This is an appeal by defendant-appellant Charles E. Garber from a judgment of the trial court ordering the suspension of his driver's license.

On May 24, 1973, an affidavit was filed against appellant wherein it was alleged that he is an habitual traffic offender. Attached to the affidavit is a certified copy of appellant's driving record. Following a hearing on June 15, 1973, the trial court found appellant to be an habitual traffic offender and ordered that his driving privileges be suspended for a period of ten years. Thereafter, appellant's motion to correct errors was overruled and the present appeal was perfected.

The only issue which will be considered is whether the finding of the trial court that appellant is an habitual traffic offender is supported by sufficient evidence.

The record herein discloses that the only evidence presented at the hearing of June 15, 1973, was the affidavit initiating this proceeding and a copy of Garber's driving record certified by the Commissioner of the Bureau of Motor Vehicles. Such driving record indicates numerous convictions arising from motor vehicle violations, the most recent conviction occurring on October 30, 1972. The record, however, does not indicate on what date the offenses resulting in these convictions were committed. No abstracts of the convictions were offered.

Such evidence has heretofore been found insufficient to meet the statutory requirement that one of the offenses has been *committed* after September 1, 1972, the effective date of the Act.[1] *Craigo* v. *State ex rel. Commissioner of Bureau of Motor Vehicles* (1975), 163 Ind. App. —, 322 N.E.2d 400.

---

1. See: IC 1971, 9-4-13-3 (Burns Code Ed.).

316

The judgment of the trial court herein entered is, therefore, reversed.

Reversed.

Staton, P.J., and Garrard, J., concur.