**Rush O. NICHOLS, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 76–3108.**

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1977.

Rehearing Denied Sept. 6, 1977.

Frank D. Scarborough, Abilene, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Robert E. DeLong, Jr., Asst. Atty. Gen., Austin, Tex., W. Barton Boling, Asst. Atty. Gen., David M. Kendall, 1st Asst. Atty. Gen., Joe B. Dibrell, Gilbert Pena, Asst. Attys. Gen., El Paso, Tex., for respondent-appellee.

Before COLEMAN, Circuit Judge, KUNZIG,* Associate Judge, and GEE, Circuit Judge.

GEE, Circuit Judge:

▇▇▇ Petitioner was convicted in 1973 in Texas state court of robbery by assault[1]

constitute a deliberate waiver. 530 F.2d at 1155.

* Associate Judge of the U. S. Court of Claims, sitting by designation.

1. The conviction was affirmed on appeal. *Nichols v. State*, 511 S.W.2d 269 (Tex.Cr.App. 1974). State habeas corpus relief was denied without written opinion.

and was sentenced to life imprisonment under the Texas habitual offender statute.[2] He here alleges that the state improperly relied on a 1965 Oklahoma conviction to enhance his sentence for three reasons: (1) he was denied counsel on appeal from that conviction; (2) Texas law prohibits the use of a capital felony such as the Oklahoma conviction to enhance a noncapital felony such as the Texas conviction; and (3) the state failed to prove that petitioner was afforded an examining trial prior to the 1965 conviction. Because federal courts do not review a state's failure to adhere to its own sentencing procedures,[3] and because the Constitution does not require a state preliminary hearing,[4] only the first contention presents a possible basis for habeas corpus relief.

But petitioner's counsel failed to object to the admission of the Oklahoma conviction on the ground that counsel had not been provided on appeal.[5] This failure worked a waiver of the constitutional error complained of here. *Wainwright v. Sykes*, —— U.S. ——, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Loud v. Estelle*, 556 F.2d 1326 (5th Cir. 1977). *See also St. John v. Estelle*, 544 F.2d 894 (5th Cir. 1977).

The district court's order denying relief is AFFIRMED.

---

2. Tex.Penal Code Ann. § 12.42 (1974).

3. *Willeford v. Estelle*, 538 F.2d 1194 (5th Cir. 1976).

4. *Harris v. Estelle*, 487 F.2d 1293 (5th Cir. 1974).

5. A general objection on other grounds was made and overruled.