BENNIE S. HARDIN *v.* STATE OF INDIANA EX REL. VAN NATTA

[No. 1-1177A268. Filed May 31, 1978. Rehearing denied July 6, 1978.]

*Lendall B. Terry*, of Osgood, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

ROBERTSON, J.— This is an appeal from a proceeding instituted under the Habitual Traffic Offenders Act, IC 1971, 9-4-13-1 *et seq..* The State, by the Prosecutor of Shelby County, filed a petition requesting the adjudication of respondent-appellant Benny S. Hardin as an habitual traffic offender. After a hearing before the trial court on May 23, 1977, Hardin was found to be an habitual traffic offender, was ordered to surrender his driver's license, and was prohibited from operating a motor vehicle on the streets or highways of Indiana for a period of ten years. Hardin now appeals from a denial of his motion to correct errors.

Hardin has raised the following issues for review:

1. Whether the decision of the trial court is sustained by sufficient evidence.

2. Whether the trial court erred in permitting Hardin to testify against himself.

3. Whether Hardin was unconstitutionally twice placed in jeopardy for the same offense.

Hardin first argues that there is not sufficient evidence in the record to sustain a finding that he is an habitual traffic offender under IC 1971, 9-4-13-3. In support of this, he contends that the State failed to offer any corroborative evidence to prove that he was the person named in the certified records of the Bureau of Motor Vehicles (BMV) and that

the signatures and driver's license numbers contained in those records were not identical. He also argues that the convictions listed in the certified BMV records are not sufficient to allow his adjudication as an habitual offender.

When reviewing the sufficiency of the evidence to support a judgment, this court will neither weigh the evidence nor resolve questions of credibility of witnesses. This court views only the evidence most favorable to the appellee together with all logical inferences flowing therefrom. *Utica Mutual Insurance Company v. Ueding* (1977), 175 Ind. App. 60, 370 N.E.2d 373.

The record in this case shows that a Benny S. Hardin has been convicted of the following motor vehicle offenses:

| October, 1971: | Driving under the influence of liquor; |
| January, 1973: | Driving under the influence of liquor; driving on the left side of the road, fleeing a police officer; |
| November, 1974: | Driving under the influence of liquor; |
| October, 1975: | Driving under the influence of liquor; |
| November, 1975: | Driving while operator's license was suspended. |

The foregoing convictions were shown by both the BMV records and appropriate court records as required in *Craigo v. State ex rel. Van Natta* (1975), 163 Ind. App. 158, 322 N.E.2d 400. These records were admitted under the provisions of IC 1971, 9-4-13-7 which state that such evidence is admissible and constitutes prima facie evidence that the named person was duly convicted of the crimes charged. The State then called Hardin to the witness stand and established that Hardin had lived at the address listed in the BMV records since 1948, that his birthdate was the same as that listed in the records, and that he fit the physical description listed in the records. Hardin further stated he was the person convicted in November, 1975, of driving with a suspended license, but that he could not remember whether he had been the subject of the other convictions listed in the BMV records.

The above evidence is sufficient to sustain the trial court's finding

that Hardin was the same Bennie Hardin identified in the BMV records, that he had been convicted of three or more offenses listed in IC 1971, 9-4-13-3 within a ten year period, and that he was therefore an habitual traffic offender. Hardin introduced no substantial evidence to show that he was not the person listed in the BMV records or that those records were in error. His evidence that some signatures were illegible, the drivers license numbers were different, and he couldn't remember his convictions is equivocal at best.

Hardin's argument that the convictions listed in the BMV records are invalid is without merit, for a person may not make a collateral attack on a prior conviction. *Dowd v. Todd* (1962), 243 Ind. 232, 184 N.E.2d 4; *Dowd v. Anderson* (1942), 220 Ind. 6, 40 N.E.2d 658. Hardin's arguments as to his prior convictions constitute such a collateral attack and are merely an effort to re-try the merits of those convictions. Hardin's arguments that the State has failed to prove that he has violated the purpose of the act of preventing accidents and promoting safety on the highways, IC 1971, 9-4-13-1, and that his convictions are invalid because they resulted from pleas of guilty rather than jury trials are also without merit.

Hardin next argues that his right against self-incrimination under the Fifth and Fourteenth Amendments to the United States Constitution was violated when he was called by the State to testify in the hearing, citing *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. He further argues that this privilege may be invoked in certain civil proceedings, citing *Spevack v. Klein* (1967), 385 U.S. 511, 87 S. Ct. 625, 17 L.Ed.2d 574, which involved an attorney who was required to produce financial records and documents in a disciplinary proceeding.

The strict rules of law which prevent the State from calling a criminal defendant as a witness or from even making reference to his failure to testify are not applicable in this case, for the Habitual Traffic Offenders Act involves a civil rather than a criminal action. A respondent in such a proceeding is subject to neither a fine nor imprisonment, and the proceeding is merely an exercise of the State's police powers in deciding who is and who is not qualified to operate a motor vehicle on a public street or highway:

The purpose of the law is to classify those who—in the interest of the public safety and health—should be prohibited from using the highways . . . The operation of this statute, which results in the deprivation of the license to drive, is not a punishment as a result of a criminal proceeding, but is rather an exercise of the police power for the protection of the public. The appellee is not receiving increased punishment for the previous convictions, but is automatically falling into a class of persons prohibited from driving on the public highways for the protection of the remaining public using the highways. *State ex rel. Van Natta v. Rising* (1974), 262 Ind. 33, 310 N.E.2d 873.

In any event, we need not decide whether the privilege against self-incrimination might have been applicable in this case. Hardin made no objection when he was called by the State to testify, and also made no objection to any of the State's questions on the basis of the Fifth Amendment privilege. Hardin has therefore waived any error in this regard.

Hardin lastly argues that the suspension of his driver's license as a result of prior convictions constitutes double jeopardy and therefore is in violation of his constitutional rights. However, this issue has already been decided adversely to Hardin in *Hamilton v. State ex rel. Van Natta* (1975), 163 Ind. App. 342, 323 N.E.2d 659. Hardin was not and could not have been subject to any further criminal sanctions as a result of his prior convictions. Therefore, he was not subjected to double jeopardy.

Judgment affirmed.

Lybrook, P.J. and Lowdermilk, J., concur.

NOTE—Reported at 376 N.E.2d 518.