Bobby SALLEE, Appellant (Defendant Below),

v.

STATE of Indiana, on Relation of the BUREAU OF MOTOR VEHICLES of the State of Indiana, Appellee (Plaintiff Below).

No. 3-279A49.

Court of Appeals of Indiana, Third District.

July 23, 1979.

John A. Kocher and Daniel S. Tankersley, Winamac, for appellant.

Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Bobby Sallee was adjudicated an habitual traffic offender under the Indiana Habitual Traffic Offenders statute [1] and ordered by the court to surrender his driver's license and not to operate a motor vehicle in Indiana for a period of ten years.

The only issue which will be considered on appeal is whether the finding of the trial court was supported by sufficient evidence.

We reverse.

On October 1, 1976 a complaint was filed by the State alleging that Sallee was an habitual traffic offender. On November 12, 1976, Sallee filed his answer. On August 1, 1978, the State filed a verification of the complaint. Following a hearing on August 29, 1978, the trial court found Sallee to be an habitual traffic offender and ordered the suspension of his driver's license for ten years.

The only evidence presented at the hearing by the State was a copy of Sallee's driving record, certified by the Commissioner of the Bureau of Motor Vehicles, and a number of abstracts of traffic offense convictions. A study of the record reveals a discrepancy between the summary of Sallee's driving record, provided by the Bureau of Motor Vehicles, and the abstracts from which this summary was compiled. The summary indicates that Sallee was convicted of "Driving Under the Influence of Liquor" on June 11, 1975, but nowhere in the record is the supporting abstract of this conviction.

The State, in its complaint, alleged:

"1. That the defendant, within a period of ten years, to the date of October 1, 1976, has accumulated three convictions in Indiana, singularly or in combination, not arising out of the same incident, of the following offenses:

"a. Driving under the influence of intoxicating liquor;

"b. Operating a motor vehicle while his license to do so has been suspended or revoked; and

"c. Reckless driving.

"2. That one of the offenses occurred on or after Sept. 1, 1972."

The record contains three abstracts of convictions which occurred after September 1, 1972. They are: (1) Leaving the Scene of an Accident on March 21, 1974; (2) Improper Driving to the Left of Center on October 4, 1975; and (3) Exceeding Rural Speed Limits on December 9, 1975. IC 1971, 9-4-13-4 (Burns Code Ed.) requires the commissioner to send a certified copy of the person's driving record and *"all relevant abstracts of conviction"* (emphasis ours) to the prosecuting attorney. *See Craigo v. State Ex Rel. Van Natta* (1975), 163 Ind. App. 158, 322 N.E.2d 400. IC 1971, 9-4-13-7 (Burns Code Ed.) states that:

"The documents certified by the commissioner shall be admissible as evidence. The certified abstracts shall be prima facie evidence that the person named therein was duly convicted of the charge, or charges, stated in the abstract."

While Leaving the Scene of an Accident is an offense which is specifically within the definition of an habitual traffic offender under IC 1971, 9-4-13-3 (Burns Code Ed.), it was not alleged in the State's complaint.

1. IC 1971, 9-4-13-3 (Burns Code Ed.)

"The term 'habitual traffic offender' means any person who, within a ten [10] year period, accumulates convictions of the number and type specified in paragraphs (1), (2), (3), and (4) of this subsection. In determining the ten [10] year period, at least one [1] of such offenses must occur on or after . . . [September 1, 1972] . . . ."

\* \* \* \* \* \*

"(2) Three [3] or more convictions, singularly or in combination, not arising out of the same incident, of the following offenses:

"(A) Driving while under the influence of intoxicating liquor or narcotic or other habit-forming or dangerous, depressant or stimulant drugs;

"(B) Operating a motor vehicle while his license to do so has been suspended or revoked;

\* \* \* \* \* \*

"(D) Reckless driving;"

The Habitual Traffic Offenders statute requires that one of the offenses stated in the complaint has occurred on or after September 1, 1972. There is no certified abstract, as required by statute, to attest to a conviction of Sallee after September 1, 1972 of any of the offenses enumerated in the State's complaint. In addition, there was no evidence introduced at the hearing as to this statutorily-critical conviction. Such evidence is insufficient to meet the requirement that one of the offenses be committed on or after September 1, 1972.

We reverse.

GARRARD, P. J., and HOFFMAN, J., concur.