**Richard D. KUHN, Appellant (Defendant Below),**

v.

**STATE ex rel. Ralph W. VAN NATTA, Appellee (Plaintiff Below).**

**No. 3–979A245.**

Court of Appeals of Indiana, Third District.

March 26, 1980.

Rehearing Denied May 29, 1980. See 404 N.E.2d 1360.

---

John P. Geberin, Bowser & Geberin, War-
saw, for appellant.

Theo. L. Sendak, Atty. Gen., John K. Silk,
Deputy Atty. Gen., Indianapolis, for appel-
lee.

STATON, Judge.

Richard D. Kuhn (Kuhn) was adjudged
an habitual traffic offender and his driver's
license was suspended for a period of ten
years.[1] Upon appeal, Kuhn has raised the
following issues for review:

(1) Whether the trial court erred in ad-
mitting documents of Kuhn's driving
record and abstracts of prior convic-
tions;

(2) Whether the trial court properly ad-
mitted evidence of prior convictions
based upon guilty pleas;

(3) Whether compelled testimony violat-
ed Kuhn's constitutional rights; and

(4) Whether there was sufficient evi-
dence to support the judgment.

We affirm.

I.

Admission of Document

■ Kuhn first contends that the trial
court erred in admitting into evidence docu-
ments allegedly not comporting with the
requirements of IC 9–4–13–4 (Burns Code
Ed.). We disagree.

IC 9–4–13–4 states, in pertinent part:
"Whenever it appears from the records
maintained in the bureau that a person's
driving record brings him within the defi-
nition of an habitual traffic offender, as
defined in section 3(a) [9–4–13–3(a)], the
commissioner shall forthwith certify two
[2] copies of that person's driving record
and two [2] copies of all relevant ab-
stracts of conviction. One [1] copy of the
record and abstracts shall be certified to
the attorney-general of the state of Indi-
ana, and one [1] copy of the record and
abstracts shall be certified to the prose-
cuting attorney for the county wherein
the person resides. . . ."

Kuhn argues that the driving record and
each individual abstract of conviction must
be certified. In addition, Kuhn argues that

---

1. On February 1, 1979, Kuhn was adjudged an habitual traffic offender under IC 9–4–13–1 to –18 (Burns Code Ed. & Supp.1979). The record establishes that Kuhn was convicted on five separate occasions, from February 9, 1969 to September 9, 1977, of driving under the influence of intoxicating liquor. In accordance with IC 9–4–13–10 (Burns Code Ed. Supp.1979), Kuhn's driver's license was suspended for a period of ten years.

for each entry in the driving record, there must be an abstract of a conviction. This clearly is not what the statute requires.

When construing a statute, this Court must give effect to the underlying intent of the Legislature. *Gonser v. Board of Commissioners for Owen County* (1978), Ind.App., 378 N.E.2d 425. We must also construe the statute according to its plain meaning. *Id.* This statute plainly requires that the commissioner certify, as a whole, the defendant's driving record and *relevant* abstracts of conviction. By relevant, the statute plainly means that only the abstracts of the convictions upon which the habitual traffic offender judgment will be based are needed. As stated in *Craigo v. State ex rel. Van Natta* (1975), 163 Ind.App. 158, 160, 322 N.E.2d 400, 402:

> "The defendant is entitled to be informed of where, when and in what court such convictions occurred."

This statute requires no more.

An examination of the record reveals the document here in issue to be a certified copy of Kuhn's driving record and the abstracts (five) of the conviction of Kuhn on five separate occasions of driving under the influence of intoxicating liquor. Such document satisfied IC 9–4–13–4, *supra*, and was properly admitted.

## II.

### Admission of Convictions

Kuhn raises as his second allegation of error the contention that the trial court erred in admitting evidence of prior convictions based upon guilty pleas where it was not established that the requisite Indiana and constitutional warnings of Kuhn's rights were made. In essence, Kuhn's argument is an attack upon the validity of his prior convictions. As such, it is an impermissible collateral attack upon a prior conviction which this Court will not entertain. *Hardin v. State ex rel. Van Natta* (1978), Ind.App., 376 N.E.2d 518.

## III.

### Compelled Testimony

Kuhn's third allegation of error is that he was compelled to testify against himself which contravened his constitutional rights. We disagree.

First, Kuhn argues that in compelling his testimony, the trial court violated his fifth amendment privilege against self-incrimination. This very argument was raised and answered in the negative in *Owens v. State ex rel. Vannatta* (1978), Ind.App., 382 N.E.2d 1312, relying upon the reasoning in *Hardin, supra.*

Secondly, Kuhn argues that such compelled testimony violated his ninth amendment right of privacy. Kuhn supports this argument by citing *Katz v. United States* (1967), 389 U.S. 347, footnote 5, 88 S.Ct. 507, 19 L.Ed.2d 576. The Supreme Court, in an analysis of the purview of the fourth amendment, stated in *Katz*:

> "Other provisions of the Constitution protect personal privacy from other forms of governmental invasion."

*Id.* at 350, 88 S.Ct. at 510. Footnote 5, in pertinent part, states:

> "To some extent, the Fifth Amendment too 'reflects the Constitution's concern for . . . " . . . the right of each individual 'to a private enclave where he may lead a private life.' " ' *Tehan v. Shott*, 382 U.S. 406, 416, 86 S.Ct. 459, 465, 15 L.Ed.2d 453."

There is no mention by the Court of the ninth amendment. The privacy concern addressed by the Court was under the fifth amendment. As such, that issue was addressed and dismissed in *Owens* and *Hardin, supra.*

## IV.

### Sufficiency of Evidence

Kuhn's final allegation of error is that there was not sufficient evidence to support the judgment of habitual traffic offender.

IC 9–4–13–3 (Burns Code Ed.Supp.1979) states in pertinent part:

> "(a) 'Habitual traffic offender' means any person who, within a ten [10] year period, accumulates convictions of the

number and type specified in subdivisions (1), (2), (3), and (4) of this definition. In determining the ten [10] year period, at least one of such offenses must occur after August 31, 1972.

\* \* \* \* \* \*

"(2) Three [3] or more convictions, singularly or in combination, not arising out of the same incident, of the following offenses:

"(A) Violating IC 9–4–1–54." (operating a vehicle while intoxicated).

The certified copy of Kuhn's driving record and the relevant abstracts of conviction reveal that Kuhn was convicted of driving under the influence of an intoxicating liquor on the following dates: (1) February 9, 1969; (2) March 22, 1970; (3) March 13, 1972; (4) June 17, 1974; and (5) September 20, 1977. This evidence is clearly sufficient to sustain the judgment. *See Hardin, supra.*

We affirm.

HOFFMAN, J., concurs.

GARRARD, P. J., dissents with opinion.

GARRARD, Presiding Judge, dissenting.

I respectfully dissent from the majority's affirmance of Kuhn's conviction. The trial court committed prejudicial error when it summarily denied Kuhn's objections to the use of his prior convictions obtained upon guilty pleas. His objection asserted the pleas were unconstitutionally obtained.[1] *See, e. g., Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

The majority, citing *Hardin v. State ex rel. Van Natta* (1978), Ind.App., 376 N.E.2d 518, terms this an impermissible collateral attack on the prior judgments. I disagree.[2]

A constitutionally invalid conviction may not be used to enhance punishment or establish guilt. *U. S. v. Tucker* (1972), 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592; *Burgett v. Texas* (1967), 389 U.S. 109, 88 S.Ct.

258, 19 L.Ed.2d 319. That is both the purpose and effect of the use of the prior convictions in this case.

Where the defendant fails to properly object to use of the prior conviction, he waives the constitutional issue. *Nichols v. Estelle* (5th Cir. 1977), 556 F.2d 1330. However when, as here, a timely objection is made, the court must conduct an evidentiary hearing to determine the validity of the conviction. *Kelley v. U. S.* (6th Cir. 1973), 487 F.2d 898 and the state has the ultimate burden of proof. *Mitchell v. U. S.* (5th Cir. 1973), 482 F.2d 289; *U. S. ex rel. Lasky v. LaVallee* (2d Cir. 1973), 472 F.2d 960.

For this error I would reverse and remand for a new trial although I agree with the majority that the other errors assigned by Kuhn are without merit.

---

1. Kuhn also asserts the pleas were obtained in violation of the mandates of IC 35–4.1–1–3. To the extent the requirements of that statute exist apart from Kuhn's constitutional rights, I would join the majority in finding the attempted collateral attack improper.

2. The opinion in *Hardin* does not set forth the facts sufficiently to identify the claimed objections to the prior convictions. However, I believe the opinion must be restricted to application where no constitutional infirmity is claimed.