Kuhn v. State ex rel. Van Natta

**Richard D. KUHN, Appellant
(Defendant Below),**

v.

**STATE ex rel. Ralph W. VAN NATTA,
Appellee (Plaintiff Below).**

No. 3–979A245.

Court of Appeals of Indiana,
Third District.

May 29, 1980.

John P. Geberin, Bowser & Geberin, Warsaw, for appellant.

Theodore L. Sendak, Atty. Gen., John K. Silk, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

## ON PETITION FOR REHEARING

Richard D. Kuhn was adjudged an habitual traffic offender based upon five convictions of driving under the influence of intoxicating liquor and this Court affirmed that judgment. In his petition for rehearing, Kuhn forwards two challenges to the convictions upon which the habitual traffic offender status was determined. First, challenging the constitutionality of convictions based upon his guilty pleas, Kuhn states that "a constitutionally invalid conviction may not be used to enhance punishment or establish guilt," citing as authority for this proposition, *United States v. Tucker* (1972), 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, and *Burgett v. Texas* (1967), 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. The inapplicability of both cases is clear and unmistakable; therefore, we reaffirm our ruling that a defendant's attack upon his prior convictions at the habitual traffic offender proceeding is an impermissible collateral attack and should not be allowed by the trial court.

In *Tucker*, the defendant challenged the "maximum" sentence he received with respect to a bank robbery conviction. The maximum sentence was determined as appropriate by the sentencing court upon consideration of two prior felony convictions. *Subsequent* to receiving this maximum sentence, another court in *collateral proceedings* determined that the two prior felony convictions were constitutionally unsound. The United States Supreme Court ruled that the sentencing court had to redetermine the defendant's sentence for the bank robbery in light of these collateral proceedings.

In *Burgett*, the defendant was indicted for assault with intent to kill and for "repetition of offense" (under the Texas recidivist statute). At his trial, the state introduced evidence of prior felony convictions. The records—of one such conviction—on their face raised a presumption that defendant had been denied his right to counsel. Despite the fact that the defendant did not receive any enhanced punishment under the recidivist statute and despite the fact that the jury was instructed to not consider any of the prior convictions for any reason, the United States Supreme Court held that the admission of a constitutionally invalid conviction was inherently prejudicial. In reversing the conviction, the Court pointed out the rule laid down in *Pointer v. State of Texas* (1965), 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, that the transcript of a preliminary hearing has to be excluded from the trial if the defendant had not been represented by counsel at the preliminary hearing. The Court analogized:

"The same result must follow here. *Gideon v. Wainwright* [(1963) 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a *felony* in a state court unless he had a lawyer or had validly waived one."

389 U.S. at 114, 88 S.Ct. at 261 (emphasis added).

█ In the present case we are not dealing with collateral proceedings which have determined prior felony convictions to be constitutionally infirm (as in *Tucker*), nor are we dealing with felony convictions (as in *Tucker* and *Burgett*), nor are we dealing with prior felony convictions constitutionally infirm upon their face being introduced into evidence before a jury (as in *Burgett*). The instant case is a civil matter under a civil procedure. The habitual traffic offender proceeding was deemed by the Legislature to be a civil proceeding. IC 9–4–13–5 (Burns Code Ed.Supp.1979) provides—in pertinent part:

"Immediately upon receiving the certified documents from the commissioner, the prosecuting attorney shall, in the name of the state on the relation of the commissioner, file an affidavit with the appropriate circuit or superior court for a civil proceeding against the person named in the certified documents and such documents shall be a part of the affidavit."

Although the habitual traffic offender proceeding could be deemed as "penal" in nature in that the individual defendant is ordered "not to operate a motor vehicle on the streets and highways of this state for a period of ten years . . . ," IC 9–4–13–10 (Burns Code Ed.Supp.1979), the true nature of the proceeding is civil. Clearly, the interests here involved do not mandate that the defendant be allowed to collaterally attack prior convictions at the habitual traffic offender proceeding.

█ The collateral attack upon the prior criminal convictions would have been improper, and the trial court was correct in denying such attempts by Kuhn. *See Hardin v. State ex rel. Van Natta* (1978), Ind. App., 376 N.E.2d 518; *State v. Dossett* (1977), Ind.App., 368 N.E.2d 259. We are not holding that a defendant may not challenge the validity of the prior criminal convictions but merely that he may not do so at a civil habitual traffic offender proceeding.

█ Secondly, Kuhn contends in his "Petition for Rehearing" that one of his convictions was not "certified" by the court of conviction. As clearly pointed out in the original opinion, IC 9–4–13–3 (Burns Code Ed.Supp.1979) requires only three [3] convictions for operating a vehicle while intoxicated for the habitual traffic offender status. The record before us establishes that Kuhn was convicted five [5] times of operating a vehicle while intoxicated. Assuming, *arguendo*, that one such abstract of the court record of conviction (or even two for that matter) is invalid, there is still sufficient evidence to support the trial court's finding of habitual traffic offender status.

Petition for Rehearing denied.

HOFFMAN, J., concurs.

GARRARD, P. J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

In considering the petition for rehearing herein we have been directed to the civil nature of the proceeding in question. *See* IC 9–4–13–5. In view of that fact and the different burdens imposed thereby, I have reconsidered the position taken in my earlier dissent. I now join the majority in its original affirmance and in denial of rehearing.