**Ronald D. PENTECOST, Appellant (Defendant Below),**

v.

**STATE ex rel. Michael M. PACKARD, Appellees (Plaintiffs Below).**

**No. 1–182A8.**

Court of Appeals of Indiana, First District.

June 28, 1982.

David D. Gethers, David C. Stewart, Gethers & Stewart, Centerville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Judge.

Ronald D. Pentecost appeals a judgment entered on September 10, 1981, by the Wayne Circuit Court finding him to be an habitual traffic offender as defined in Ind. Code 9–4–13–3(a)(2).

We affirm.

On February 26, 1981, the Deputy Prosecuting Attorney for the 17th Judicial Cir-

cuit filed an affidavit pursuant to Ind.Code 9–4–13–1, alleging that Pentecost's driving record from the Bureau of Motor Vehicles was submitted to the court along with the affidavit. The record shows that Pentecost was convicted of driving under the influence on January 1, 1973, on May 16, 1979, and again November 20, 1980. On September 10, 1981, the judge of the Wayne Circuit Court found Pentecost to be an Habitual Traffic Offender as defined by IC 9–4–13–3(a)(2) and ordered his driver's license suspended for a period of ten (10) years.

On appeal Pentecost argues that he is not an habitual offender because he has not violated IC 9–4–1–54 three times as set forth in the habitual offender statute. An habitual offender as defined by IC 9–4–13–3 is:

any person who, within a ten (10) year period, accumulates convictions or judgments of the number and type specified in subdivisions (1), (2), (3), and (4) of this definition. In determining the ten (10) year period, at least one offense or judgment must occur after August 31, 1972.

(1) Two (2) or more convictions, singularly or in combination, not arising out of the same incident, of the following offenses;

(A) Reckless homicide resulting from the operation of a motor vehicle [IC 35–42–1–5];

(B) Voluntary or involuntary manslaughter resulting from the operation of a motor vehicle [IC 35–42–1–3 or IC 35–42–1–4];

(C) Failure of the driver of a motor vehicle involved in an accident resulting in death or injury to any person to stop at the scene of the accident and give the required information and assistance [IC 9–4–1–40].

(2) Three [3] or more convictions, singularly or in combination, not arising out of the same incident, of the following offenses:

(A) Violating [IC 9–4–1–54];

(B) Operating a motor vehicle while his license to do so has been suspended or revoked [IC 9–4–1–52];

We must look to the history of the statutes involved to determine the legislative intent. The original habitual traffic offender statute was Burns Indiana Statutes Annotated 1972, 47–2336 and read in part as follows:

47–2336 IC 9–4–13–3. Habitual traffic offenders—Definitions.—As used in this chapter [§§ 47–2334—47–2351], unless otherwise provided:

(a) The term "habitual traffic offender" means any person who, within a ten [ten] year period, accumulates convictions of the number and type specified in paragraphs (1), (2), (3), and (4) of this subsection. In determining the ten [10] year period, at least one [1] of such offenses must occur on or after the effective date [September 1, 1972] of this chapter . . .

(2) Three [3] or more convictions, singularly or in combination, not arising out of the same incident, or the following offenses:

(A) Driving while under the influence of intoxicating liquor or narcotic or other habit-forming or dangerous, depressant or stimulant drugs;

In 1978, clause (a)(2)(A) of the statute was amended to its current reading with the insertion of "Violating IC 9–4–1–54."

The old driving under the influence statute read in part as follows:

(b) Driving While under the Influence of Intoxicating Liquor or Narcotic Drugs. Any person who drives a vehicle while such person is under the influence of intoxicating liquor or of narcotic or other habit-forming drugs shall be guilty of a criminal offense . . . Burns Indiana Statutes Annotated 1972, 47–2001.

The present statute, IC 9–4–1–54 reads in part as follows:

9–4–1–54 [472001]. Driving while intoxicated or under the influence of a controlled substance—Penalties—Suspension or restriction of driving privilege—Evidence of intoxication.—(a) As used in this section, "intoxicated" means under the influence of:

(1) Alcohol;

(2) A controlled substance as defined by IC 35–48–1 [35–48–1–1]; or

(3) Any combination of alcohol and controlled substances; such that there is an impaired condition of thought and action and the loss of normal control of one's faculties to such an extent as to endanger any person.

 It is clear that the purpose of the driving under the influence statute has remained the same. Both versions seek to protect the public from people who should be prohibited from using the highways. *Hardin v. State ex rel. Van Natta*, (1978) Ind.App., 376 N.E.2d 518. Similarly, the intent behind the habitual offender statute, both the old and the new, is evident: three (3) convictions within a ten (10) year period result in habitual traffic offender status.

Furthermore, the legislature's intent to include convictions under the old statutory system is demonstrated by the phrase, "at least one (1) offense or judgment must occur after August 31, 1972." Therefore, any two of the three required convictions could pre-date IC 9–4–1–54.

Case law also supports our interpretation. In *Kuhn v. State, ex rel. Van Natta*, (1980) Ind.App., 404 N.E.2d 1360, this court held that "IC 9–4–13–3 (Burns Code Ed.Supp. 1979) requires only three (3) convictions for operating a vehicle while intoxicated for the habitual traffic offender." Defendant Kuhn had been convicted of driving under the influence on February 9, 1969, March 22, 1970, March 13, 1972, June 17, 1974 and September 20, 1977. Only two of these convictions occurred after the effective date of IC 9–4–13–3.[1] We thus find that Pentecost had the requisite number convictions for habitual traffic offender status.

 Pentecost failed to include his second issue concerning the constitutionality of IC 9–4–13–3 in his motion to correct errors. Consequently, we find this issue is waived. Ind.Rules of Procedure, Trial Rule 59(D).

1. For the original decision in *Kuhn, see* 402

For the foregoing reasons we affirm the decision of the trial court.

Judgment affirmed.

RATLIFF, P. J., and NEAL, J., concur.