(783 P.2d 350)
No. 63,324

STATE OF KANSAS, *Appellant,* v. JAMES L. HINES, *Appellee.*

Opinion filed December 1, 1989.

*Roger A. Nordeen,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, for appellant.
*William R. Coffee,* of Overland Park, for appellee.

Before GERNON, P.J., BRISCOE, J., and LEWIS L. MCLAUGHLIN, District Judge Retired, assigned.

GERNON, J.: The State of Kansas appeals the dismissal of its habitual violator petition filed against James Hines.

The State filed a habitual violator petition alleging that Hines had five motor vehicle convictions in the last five years. Only three are required for habitual violator status.

Hines stipulated that he had three prior valid traffic convictions within the five-year period contemplated by K.S.A. 1988 Supp. 8-285, but stated that he was not represented by counsel nor did he waive counsel in two of the prior convictions. He also attempted to invoke the Fifth Amendment privilege against self-incrimination when called as a witness.

The trial court ruled that the petition was a quasi-criminal matter and that Fifth Amendment rights were applicable which prohibited the State from calling Hines as a witness. It therefore dismissed the petition. The State appealed. We reverse and remand and direct that the petition be reinstated.

Whether a habitual violator action is a civil or criminal proceeding was answered by the Kansas Supreme Court in *State v. Boos*, 232 Kan. 864, 659 P.2d 224, *cert. denied* 462 U.S. 1136 (1983). The court held that an action pursuant to K.S.A. 8-286 is a civil action and that the constitutional guarantees as applied in criminal proceedings are not applicable to the same extent in a civil case.

The Kansas Supreme Court in the *Boos* case concluded that the habitual violator statutes do not create a new crime, but merely provide for the determination of the status of an individual driver. That status, once determined, may result in the revocation of driving privileges. The determination of status does not create a new conviction nor are criminal sanctions imposed.

Applying *Boos* to this case, the lack of counsel is not a factor to consider in determining whether there are three convictions. On remand, the court need only determine that the convictions are enumerated as required by K.S.A. 1988 Supp. 8-285 and 286.

The other issue raised in this appeal is whether the Fifth Amendment privilege is available to Hines in this proceeding.

The object of the Fifth Amendment is to "insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime." *Lefkowitz v. Turley*, 414 U.S. 70, 77, 38 L. Ed. 2d 274, 94 S. Ct. 316 (1973).

There have not been any habitual violator cases in Kansas addressing the Fifth Amendment privilege against self-incrimination. Looking to other jurisdictions which have addressed the Fifth Amendment issue, including Indiana and Louisiana, the

results seem to be consistent, extending the holding in *Boos* to this issue.

For example, in *Hardin v. State*, 176 Ind. App. 514, 517-18, 376 N.E.2d 518 (1978), the court stated:

"The strict rules of law which prevent the State from calling a criminal defendant as a witness or from even making reference to his failure to testify are not applicable in this case, for the Habitual Traffic Offenders Act involves a civil rather than a criminal action. A respondent in such a proceeding is subject to neither a fine nor imprisonment, and the proceeding is merely an exercise of the State's police powers in deciding who is and who is not qualified to operate a motor vehicle on a public street or highway:

" 'The purpose of the law is to classify those who—in the interest of the public safety and health—should be prohibited from using the highways . . . . The operation of this statute, which results in the deprivation of the license to drive, is not a punishment as a result of a criminal proceeding, but is rather an exercise of the police power for the protection of the public. The appellee is not receiving increased punishment for the previous convictions, but is automatically falling into a class of persons prohibited from driving on the public highways for the protection of the remaining public using the highways. [Citation omitted.]' "

The Kansas Habitual Offenders Act, K.S.A. 8-284 *et seq.*, has a purpose similar to the Indiana act. The purpose is to provide for the maximum safety of everyone traveling on the highway; to deny operating privileges to those whose conduct, attitude, and record demonstrate an indifference to others' safety and welfare; to discourage repetition of criminal acts; and to deprive violators of the privilege of operating a motor vehicle. This policy is a permissible exercise of the State's police power.

The habitual violator statute does not create a crime. Any information relating to prior convictions obtained would not be incriminating because K.S.A. 60-424 defines incrimination as information which forms an essential part or a reasonable inference that a law has been violated which will subject the individual to punishment unless immunity is provided.

Thus, it logically follows that any information relating to prior convictions provided by a habitual violator will not subject that violator to further punishment. The violator has already been punished for the motor vehicle offenses committed. The State is simply exercising its privilege to remove a dangerous motorist from the highways for the protection of all motorists.

A hearing on this matter is a civil proceeding and, therefore,

the Fifth Amendment considerations will not prevent the defendant from testifying as he is not subject to further punishment from any disclosure he might make at the habitual violator hearing.

This matter is reversed and remanded to the trial court with directions that the petition be reinstated and the defendant be required to answer questions of the State.

Reversed and remanded with directions.