(803 P.2d 1054)

No. 65,407

STATE OF KANSAS, *Appellee*, v. CLARE E. WALDEN, *Appellant*.

140

Opinion filed December 28, 1990.

*Kenneth M. Carpenter*, of Carpenter, Chartered, of Topeka, for the appellant.

*David Wiggins*, assistant county attorney, *Rodney H. Symmonds*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LARSON, P.J., DAVIS, J., and RICHARD W. WAHL, District Judge Retired, assigned.

DAVIS, J.: The defendant, Clare E. Walden, appeals his conviction under the Habitual Violator Act, K.S.A. 8-284 *et seq.*, claiming that his three qualifying convictions did not all occur "within the immediately preceding five years," as required by K.S.A. 1989 Supp. 8-285. We affirm.

The habitual violator petition was filed March 7, 1990, alleging that the defendant had on or about March 2, 1990, and within five years immediately preceding that date, been convicted of three violations listed in K.S.A. 1989 Supp. 8-285. The abstract of defendant's driving record attached to the petition shows the following convictions: (1) March 13, 1985—failure to remain at the scene of an injury accident; (2) November 6, 1985—driving under the influence of alcohol or drugs (diversion); and (3) January 9, 1990—driving under the influence of alcohol or drugs. All the defendant's convictions are listed under K.S.A. 1989 Supp. 8-285(a) and provide the basis for the trial court's habitual violator conviction under K.S.A. 1989 Supp. 8-285(b), if the convictions fall "within the immediately preceding five years."

The defendant was served by alias summons on May 10, 1990, and ordered to appear on May 24, 1990. His motion for continuance was granted, and at a hearing on June 21, 1990, the defendant stipulated that he was the person named in the abstract of convictions and that the abstract was accurate. He moved for dismissal, arguing that it was factually impossible for him to be a "habitual violator" because his March 13, 1985, conviction fell outside the five-year period immediately preceding the original hearing date on the petition, May 24, 1990. He contends that

the phrase "within the immediately preceding five years" in K.S.A. 1989 Supp. 8-285 must refer to the five years immediately preceding May 24, 1990, the date set by the district court for hearing the habitual violator petition. The trial court rejected the defendant's argument and held that his convictions fell "within the immediately preceding five years" from the date the habitual violator action commenced.

The question raised involves the statutory construction of the phrase "within the immediately preceding five years" as it relates to the defendant's three qualifying convictions. This court may construe and determine the legal effect of the statute on appeal regardless of the construction adopted by the trial court. *Palmer v First Nat'l Bank of Kingman*, 10 Kan. App. 2d 84, 86, 692 P.2d 386 (1984).

The defendant argues that we should strictly construe this statute because it is in the nature of a criminal statute. However, the defendant's argument is soundly rejected by Kansas law. An action under the Habitual Violator Act is civil in nature because no criminal penalties are imposed. *State v. Boos*, 232 Kan. 864, 867-70, 659 P.2d 224 (1983); *State v. Hines*, 14 Kan. App. 2d 100, 102-03, 783 P.2d 350 (1989).

In construing this civil statute, we follow this accepted basic rule:

"The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs; the court must give effect to the legislature's intent 'even though words, phrases or clauses at some place in the statute must be omitted or inserted.' [Citations omitted.] In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested." *Citizens State Bank of Grainfield v. Kaiser*, 12 Kan. App. 2d 530, 536, 750 P.2d 422, *rev. denied* 243 Kan. 777 (1988).

Starting from the date of the defendant's earliest qualifying conviction, there are at least four dates that might be used to measure the phrase "within the immediately preceding five years" as used in K.S.A. 1989 Supp. 8-285: (1) The date of the first hearing on the habitual offender petition, which defendant claims is the proper time frame; (2) the date of the commencement of the habitual violator action, which the trial court concluded was

the proper date; (3) the date of the defendant's last offense; and (4) the date of the defendant's last qualifying conviction.

The Habitual Violator Act was enacted by the legislature with three purposes in mind: first, to protect persons traveling on, or using, Kansas highways; second, to deny driving privileges to those who have demonstrated their indifference to the safety and welfare of others and the traffic laws of this state, as reflected by their conduct, attitude, and driving record; and third, to discourage repeated violations of traffic laws and punish repeat offenders. See K.S.A. 8-284. See also *State v. Underwood*, 10 Kan. App. 2d 116, 122, 693 P.2d 1205 (1985) (purpose of Habitual Violator Act "is simple: get the chronic violator out from behind the wheel").

The act fulfills these purposes by requiring the Kansas Department of Revenue, Division of Motor Vehicles, to "forthwith" forward to county or district attorneys a certified abstract of a person's driving record whenever the division's records show that a person is a "habitual violator." Upon receipt of the certified abstract, the county or district attorney is directed to "forthwith" file a petition in the county district court alleging the person to be a habitual violator. The district court must then issue the person a summons to appear for a show cause hearing on whether the person should be convicted of being a habitual violator. If the court finds the accused is the same person named in the driving records and the abstract of convictions is correct, the court must find the accused is a habitual violator and enter an order directing the person not to operate a motor vehicle on Kansas highways for three years. K.S.A. 8-286; K.S.A. 1989 Supp. 8-288. The "forthwith" language in the statute has been previously construed to be directive only and dismissal of a habitual violator action is not an appropriate remedy for failure to comply with the statutory directive. *State v. Graham*, 12 Kan. App. 2d 803, 806, 758 P.2d 247 (1988); *State v. Garton*, 2 Kan. App. 2d 709, 710-11, 586 P.2d 1386 (1978).

(1) The Date of the First Hearing

The defendant contends that the phrase "within the immediately preceding five years" refers to five years preceding May 24, 1990, the date the habitual violator petition was set for hearing. Since the defendant's first qualifying conviction on March 13,

1985, does not fall within that five-year period of time, he contends that there is no basis for the trial court's conclusion that he is a habitual violator.

The defendant's contention is in conflict with both the statutory scheme of the Habitual Violator Act and the expressed purpose of the Habitual Violator Act. The act states: "Whenever the files and records of the *division* shall disclose" that a person is a habitual violator, the division must certify a record of convictions to the county attorney for prosecution. (Emphasis added.) K.S.A. 8-286. Based on the language used, the court hearing date becomes immaterial to the determination of whether a person is a habitual violator. The habitual violator action arises out of a governmental function. The act requires the *division*, rather than the district court, based on its own files and records, to determine whether a person is a habitual violator. It would be inconsistent with the statutory scheme to require the Division of Motor Vehicles to predict when a court hearing will be set in order to make its determination so that the petition could be filed early enough to guarantee a conviction. See *State v. Graham*, 12 Kan. App. 2d at 808 (habitual violator action arises out of a governmental function).

Under the construction suggested by the defendant, a person might avoid being convicted as a habitual violator by a fortuitous setting of the court hearing date. Such a construction would be at variance with the legislative stated purpose in protecting the safety of highway users and removing unsafe drivers from the road. See K.S.A. 8-284.

### (2) The Date of the Commencement of the Habitual Violator Action

The trial court determined that the significant date was the commencement of the habitual violator action against the defendant. However, the conclusion that "within the immediately preceding five years" should be measured from the date the petition was filed is also at odds with the statutory scheme of the Habitual Violator Act. Although a habitual violator action is civil in nature and a civil suit commences on the filing of the petition and service of process on the defendant (see K.S.A. 60-203), the trial court's interpretation ignores the fact that the habitual violator action arises out of a governmental function. *State*

*v. Graham,* 12 Kan. App. 2d at 808. It is the *division* that is required to make the initial determination of whether a person is a habitual violator. To measure the five years from the date the district attorney files a petition in the district court would require the division to predict future events which are beyond its control.

(3) The Date of the Defendant's Third Offense

It would be impossible under the statutory scheme of the Habitual Violator Act to use the date of the defendant's third offense because K.S.A. 1989 Supp. 8-285(b) requires that there be three *convictions* before a person is considered a habitual violator. Since three convictions are required, the rules set out in *City of Chanute v. Wilson,* 10 Kan. App. 2d 498, 704 P.2d 392, *rev. denied* 238 Kan. 877 (1985), relied upon by the defendant, would not apply. We held in *Wilson* that, for the purposes of sentence enhancement under K.S.A. 1983 Supp. 8-1567(e) (now K.S.A. 1989 Supp. 8-1567[f]), convictions occurring within five years of the date of the present offense could be considered. 10 Kan. App. 2d at 499. The distinguishing feature of *Wilson,* ignored by the defendant, is its focus on determining an *offender's* status as a first, second, or third-time *offender* at the time of sentencing. Thus, this determination would logically be determined on the basis of prior convictions as of the date of the present *offense. Wilson,* therefore, provides no support for the defendant.

(4) The Date of Defendant's Last Conviction

We conclude that the most logical construction of the statute and the one most consistent with the statutory scheme of the Habitual Violator Act is that the phrase "within the immediately preceding five years" used in K.S.A. 1989 Supp. 8-285 refers to a time from the defendant's earliest qualifying conviction to the date of the defendant's last qualifying conviction.

The legislative history of the statute is not particularly helpful. The "within the immediately preceding five years" language was contained in the original enactment in 1972. L. 1972, ch. 32, § 2. Portions of the act have been noted for ambiguity, and the legislature has refused invitations to correct them. See *State v. Underwood,* 10 Kan. App. 2d 116, 123, 693 P.2d 1205 (1985) (Foth, C.J., concurring: "[T]he present act is ambiguous at best. It deserves legislative attention.").

However, the historical circumstances surrounding the enactment of the Habitual Violator Act are instructive. In 1971, the United States Supreme Court decided *Bell v. Burson*, 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971), which held that the Fourteenth Amendment due process clause requires states to provide notice and a hearing appropriate to the nature of the case before suspending a person's driver's license. 402 U.S. at 542. The Court's rationale was that the suspension of the driver's license involves state action which adjudicates important interests of the licensee, such as the ability to pursue a livelihood, and, therefore, due process requires notice and a hearing appropriate to the nature of the interest, whether it is considered a right or a privilege. 402 U.S. at 539. Although a finding that a person is a habitual violator does not actually involve the suspension or revocation of their driver's license, the Court's initial rationale in *Bell* is applicable here since the defendant was ordered, through state action, not to operate a motor vehicle. Thus, the hearing requirement in K.S.A. 8-286 appears to have been placed in the statute to safeguard the defendant's due process rights, rather than as a measuring date to determine whether the defendant was convicted of three violations within five years immediately preceding the hearing.

Furthermore, K.S.A. 8-286 limits the scope of the district court hearing to two questions: The identity of the accused and the accuracy of the abstract of convictions certified by the Division of Motor Vehicles. If the accused is the same person named in the division's record and the abstract is correct, the court must find the accused is a habitual violator. Otherwise, the action is dismissed. The limited scope of the show cause hearing supports this court's conclusion in *Graham* that a habitual violator action arises out of a governmental function and undermines the defendant's contention that the hearing date should be used as a measuring date under the Habitual Violator Act.

The defendant argues that the district court's determination that he was a habitual violator must fail based upon *City of Overland Park v. Rice*, 222 Kan. 693, 567 P.2d 1382 (1977), because computing a period "within the immediately preceding five years" from the date the petition was filed would constitute suspending his license based upon an uncertain future event.

In *Rice*, the defendant was arrested by police officers on July 27, 1972, and charged with driving on a suspended license in violation of an Overland Park ordinance. On appeal, Rice argued that he could not be guilty because the 60-day suspension period had already expired at the time he was arrested by the police officers. To determine the merits of this defense, the Kansas Supreme Court was required to determine when the suspension period began and ended. The suspension order stated: "Although this order is effective as of this date [October 4, 1971] and you can no longer legally operate a motor vehicle upon receipt hereof, *the period of suspension runs from the date the department receives your license.*" 222 Kan. at 694. The city argued that since Rice never surrendered his license to the Division of Motor Vehicles, he must be guilty. 222 Kan. at 697. The Supreme Court disagreed, construing strictly the statute and ordinance prohibiting driving while the privilege to do so is suspended, since they provided criminal penalties for their violation. 222 Kan. at 697. The court determined that the division suspension order did not comply with the statutory definition of suspension of driver's license in K.S.A. 1972 Supp. 8-234(r) (now K.S.A. 8-1474), since it did not withdraw the privilege to operate a motor vehicle " 'for a period specifically designated by the Division of Vehicles.' " Focusing on the "specifically designated" language in the statute, the court determined the suspension began on October 4, 1971, and ended December 3, 1971. 222 Kan. at 695. Therefore, the court reversed Rice's conviction for driving on a suspended license. 222 Kan. at 699.

The defendant's reliance on *Rice* is misplaced. In this case, the defendant's driver's license was not suspended. Under the Habitual Violator Act, a person is merely ordered to refrain from driving for three years. See K.S.A. 1989 Supp. 8-288. There is no provision in the act requiring the division to suspend or revoke a habitual violator's license. The Court's holding in *Rice* was based upon a strict construction of the division suspension order as required by statute, and a strict construction of the driving while suspended ordinance, since criminal penalties were provided. Neither of these concerns applies to the present case. The Habitual Violator Act does not provide for criminal penalties unless a person is later convicted of driving while under a court order

prohibiting operation of a vehicle, which is a class E felony. K.S.A. 8-287. Moreover, the length of the withdrawal of the defendant's driving privilege is not an issue in this case.

In construing K.S.A. 1989 Supp. 8-285, we hold that the phrase "within the immediately preceding five years" refers to the time starting from the date of the defendant's earliest qualifying conviction identified by the division until the time of his most recent qualifying conviction identified by the division. Although the trial court determined the defendant was a habitual violator based on an improper interpretation of K.S.A. 1989 Supp. 8-285, we affirm. "The reasons given by the district court for its decision are immaterial so long as its ruling was correct for any reason." *Prairie State Bank v. Hoefgen*, 245 Kan. 236, 245, 777 P.2d 811 (1989). The date of the defendant's first qualifying conviction was March 13, 1985, and the date of his most recent qualifying conviction was January 9, 1990. Since all three of his convictions fell "within the immediately preceding five years" as required by K.S.A. 1989 Supp. 8-285, he was a habitual violator under K.S.A. 1989 Supp. 8-285(b).

Affirmed.