No. 47,484

STATE HIGHWAY COMMISSION OF KANSAS, *Appellant,* v. ETHEL E. STEELE, and RONALD W. STEELE, *Appellees.*

(528 P. 2d 1242)

Opinion filed December 7, 1974.

*R. Daniel Lykins,* of Topeka, argued the cause, and *Edward M. Swan,* of Topeka, was with him on the brief for the appellant, State Highway Commission.

*Warren D. Andreas,* of McSpadden and Andreas, of Winfield, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

KAUL, J.: This action was brought by the State Highway Commission (hereafter referred to as the Commission) pursuant to K. S. A. 8-5,124 [Repealed, L. 1974, Ch. 587, Sec. 8-2205 and will appear as K. S. A. 1974 Supp. 8-1913] to recover damages to a bridge, which occurred when it was struck by an automobile owned by defendant-appellee Ethel E. Steele and driven by defendant-appellee Ronald W. Steele.

The sole question is whether the action is barred by the two-year statute of limitations set forth in K. S. A. 1973 Supp. 60-513 (4).

The facts are not in dispute. The accident occurred on November 2, 1969; the action was filed more than three years thereafter on January 29, 1973. An amended petition was filed on November 2, 1973, in which the Commission alleged the automobile was being driven by Ronald with the express or implied permission of Ethel E. Steele and prayed for damages in the amount of $1,245.67. It is conceded that the maintenance of the bridge in question was the performance of a governmental function by the Commission.

Defendants filed a motion to dismiss alleging that the Commission's petition showed on its face that the alleged negligence of the defendants occurred more than two years prior to the filing of the action and, therefore, the action is barred by the statute of limita-

tions. The trial court sustained defendants' motion and this appeal ensued.

In rendering its decision the trial court commented:

". . . K. S. A. 8-5,124 states that such damage may be recovered in a civil action brought by the authorities in control of such highway or highway structure and the Court will construe that subparagraph (c) to mean that they're bound by the statute of limitations set out in the Code of Civil Procedure, and therefore will sustain the defendants' motion to dismiss. . . ."

On appeal the Commission states the trial court erred in applying K. S. A. 1973 Supp. 60-513 (4) and ignoring the provisions of K. S. A. 60-521.

K. S. A. 1973 Supp. 60-513 sets out the actions which shall be brought within two years. Subsection (4) thereof reads:

"An action for injury to the rights of another, not arising on contract, and not herein enumerated."

K. S. A. 60-521 deals with the applicability of the limitations of actions prescribed in Article 5 of the Code of Civil Procedure to public bodies. It clearly makes a distinction between actions arising out of proprietary functions of such bodies and actions arising out of their governmental functions or activities with respect to the applicability of limitations. 60-521 reads:

"As to any cause of action accruing to the state, any political subdivision, or any other public body, which cause of action arises out of any proprietary function or activity, the limitations prescribed in this article shall apply to actions brought in the name or for the benefit of such public body in the same manner as to actions by private parties, except in (1) actions for the recovery of real property or any interest therein, or (2) actions to recover from any former officer or employee for his own wrongdoing or default in the performance of his duties."

The advisory committee notes pertaining to the statute read:

"This action abolishes the common law maxim *nullum tempus occurrit regi* [time does not run against the king] where public bodies are operating in a proprietary capacity. The common law principle is no longer applicable in view of the complicated activities of such bodies." (Vol. 5 Vernon's Kansas Statutes Annotated Code of Civil Procedure [by Fowks, Harvey and Thomas], § 60-521, p. 53; and Gard, Kansas Code of Civil Procedure Annotated, § 60-521, p. 546.)

Professor V. C. Martin of the Washburn University School of Law is the author of an analysis of the statute which we believe clearly states the import thereof. His comments appear in Vol. 5 Vernon's Kansas Statutes Annotated Code of Civil Procedure, § 60-521 as follows:

"This section is new. It recognizes the distinction between proprietary and governmental functions and codifies the prior law that causes of action arising out of the proprietary function are subject to statutes of limitation. See, Western Shale Products Co. v. City of Fort Scott, 1954, 175 Kan. 643, 266 P. 2d 327, for a discussion of the law and citation of cases. The rule that causes of action arising out of the governmental function are not subject to statutes of limitation is recognized by omission from this section.

"Real property actions are excepted from statutes of limitation whether arising out of the governmental or proprietary function. See also, K. S. A. 60-509.

"The exception, from statutes of limitation, of actions to recover from officers and employees appears to be a clear statement of the Legislature's intention." (p. 54.)

As Professor Martin points out causes of action arising out of governmental functions are omitted from the text of 60-521. In accordance with the maxim *expressio unius est exclusio alterius,* the statute having prescribed those actions which are subject to limitations, it is to be construed as excluding those actions which are not specified. (*Tresner v. Rees,* 154 Kan. 581, 119 P. 2d 511; Black's Law Dictionary [4th Ed.] p. 692.)

In a long line of cases, the most recent of which, are *Board of County Commisisoners v. Lewis,* 203 Kan. 188, 453 P. 2d 46; and *Riggan v. Director of Revenue,* 203 Kan. 129, 453 P. 2d 52, this court has consistently held that statutes of limitation do not run against the state unless specifically provided by statute.

K. S. A. 8-5,124 authorizes the Commission to bring an action to recover for damages to any highway or highway structure was mentioned by the trial court when ruling on the motion to dismiss, reads as follows:

"Such damage may be recovered in a civil action brought by the authorities in control of such highway or highway structure."

An examination of the entire text of 8-5,124 reveals no provision, specific or general, which would make an action brought thereunder subject to the statute of limitations. Consequently, the cause of action in the instant case is not barred.

The judgment is reversed and the cause remanded to proceed to trial on the merits.