STATE OF NORTH CAROLINA v. FRANKLIN ALPHON WARD III

No. 7614SC389

(Filed 6 October 1976)

Automobiles § 2— habitual offender statute — failure of prosecutor to act "forthwith"

    The trial court had the inherent authority to dismiss a proceeding to have defendant declared an "habitual offender" of the traffic laws upon a determination that the district attorney failed to bring the proceeding "forthwith" as required by G.S. 20-223 and that respondent was prejudiced thereby, and the court's finding that the district attorney had not acted "forthwith" was supported by evidence that the district attorney did not institute the proceeding until some two years and three months after receiving an abstract of respondent's conviction record from the Commissioner of Motor Vehicles.

APPEAL by respondent from *Preston, Judge.* Judgment entered 19 December 1975 in Superior Court, DURHAM County. Heard in Court of Appeals 16 September 1976.

This is a proceeding wherein the State seeks to have respondent declared an "habitual offender" of the North Carolina traffic laws and to have his license to operate a motor vehicle revoked for a period of five years.

The cause was heard before the trial judge whose findings of fact are summarized as follows:

On 7 May 1973 respondent was convicted of driving under the influence and driving while his license was revoked, and as a result the Department of Motor Vehicles revoked his license for four years. On 20 June 1973 the Commissioner of Motor Vehicles determined that respondent's past driving record appeared to bring him within the definition of an "habitual offender" as set forth in G.S. 20-221 and forwarded an abstract of respondent's conviction record to the District Attorney for the Fourteenth Judicial District so that the district attorney could petition the superior court to determine whether respondent is an habitual offender. On 25 September 1975, some two years and three months after receiving the abstract, the district attorney instituted the present action to have respondent determined to be an habitual offender. In the meantime respondent's driving privileges had been reinstated by the Department of Motor Vehicles.

Based upon the foregoing findings of fact the court concluded:

"That the District Attorney for the Fourteenth Judicial District did not comply with the requirements of NCGS Sec. 20-223 in that he did not institute this action 'forthwith' after receiving an abstract of respondent's driving record from the Commissioner of the North Carolina Department of Motor Vehicles; that as a result of the foregoing, it does appear that respondent has been unduly prejudiced and will suffer the revocation of his driving privileges for a period of not less than two years longer than he would have otherwise lost said driving privileges had the District Attorney complied with NCGS Sec. 20-223;

That based on the aforesaid failure of the District Attorney to comply with NCGS Sec. 20-223 and the resulting prejudice to respondent, if this Court had the discretion to consider respondent's equitable defense of laches, then it would dismiss this proceeding against respondent, but that, notwithstanding the foregoing, NCGS Sec. 20-220

through Sec. 20-231 precludes this Court from exercising any discretion to entertain the respondent's defense of laches or grant respondent any equitable relief pursuant thereto."

The court then concluded that respondent is an "habitual offender" as defined in G.S. 20-221 and ordered him to surrender his driver's license for a period of five years as required by G.S. 20-227. Respondent appealed.

*Attorney General Edmisten by Associate Attorney Norma S. Harrell for the State.*

*Nye, Mitchell & Bugg by John E. Bugg for respondent appellant.*

HEDRICK, Judge.

The one question presented on this appeal is whether the trial court erred in concluding it had no discretion to dismiss the proceeding against respondent because of the district attorney's failure to bring the proceeding "forthwith."

G.S. 20-223 provides:

> "*District attorney to initiate court proceeding; petition.* —The district attorney, upon receiving the aforesaid abstract from the Commissioner, *shall forthwith* file a petition against the person named therein in the superior court division of the county wherein such person resides . . . The petition shall request the court to determine whether or not the person named therein is an habitual offender." (Emphasis added.)

It is presumed that no meaningless or useless words or provisions are used in a statute, but that each word or provision is to be given some effect. *Jackson v. Board of Adjustment,* 275 N.C. 155, 166 S.E. 2d 78 (1969); 82 C.J.S., Statutes, § 316, pp. 551-552.

*Black's Law Dictionary,* p. 782 (Rev. 4th ed. 1968) defines "forthwith" as follows: "Immediately; without delay, directly, hence within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch . . . . Within such time as to permit that which is to be done, to be done lawfully and according to practical and ordinary course of things to be performed or accomplished." This Court stated in *Simpson*

*v. Garrett, Comr. of Motor Vehicles,* 15 N.C. App. 449, 451, 190 S.E. 2d 251, 253 (1972), "The word 'forthwith' in G.S. 20-17 does not require instantaneous action but only action within a reasonable length of time." (Citation omitted.)

Since the court must give some meaning to the word "forthwith" as used in G.S. 20-223, and because the question of whether the district attorney acted forthwith to institute the proceeding depends on the facts and circumstances in each case, we conclude the trial court has discretionary authority to find the facts from the evidence and from the facts found draw legal conclusions as to whether the district attorney acted forthwith in instituting the proceeding and whether any failure on the part of the district attorney to proceed forthwith prejudiced the respondent.

The findings and conclusions made by the trial judge in the instant case that the district attorney had not acted forthwith as required by G.S. 20-223 and that the respondent was prejudiced thereby are not challenged on this appeal. Moreover, the record supports these findings and conclusions. We hold the trial court had the inherent authority to dismiss the proceeding under G.S. 20-223 upon findings and conclusions that the district attorney failed to act forthwith and that the respondent was prejudiced thereby. The trial court erred in not dismissing the action.

The order appealed from is

Reversed.

Judges MORRIS and ARNOLD concur.