(586 P.2d 1386)
No. 49,905

STATE OF KANSAS, *Appellee,* v. RICHARD A. GARTON, *Appellant.*

Opinion filed December 1, 1978.

*Lelyn J. Braun,* of Braun & Nyswonger, Chartered, of Garden City, for appellant.

*Craig D. Kershner,* county attorney, and *Curt T. Schneider,* attorney general, for appellee.

Before SPENCER, P.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This is an appeal by the defendant, Richard A. Garton, from having been declared a habitual violator as prescribed by K.S.A. 8-286. Defendant appeals on the premise that the county attorney did not *forthwith* commence prosecution following the receipt of defendant's abstract of convictions from the Motor Vehicle Department as required by K.S.A. 8-286.

Defendant was convicted in Lane County, Kansas, on September 22, 1976, on three counts of driving while intoxicated. The crimes occurred on May 11, May 21, and June 7 of that year, and were the most recent in a long series of alcohol-related offenses involving the defendant (he is the subject of more than twenty separate files in Lane County District Court).

Prior to trial of the three offenses of driving while intoxicated, defendant's parole on a prior felony offense was revoked and he was taken to the Kansas State Prison at Lansing. After being convicted on the three DWI offenses, defendant was sentenced on November 3, 1976, to three one-year terms in the Lane County jail. The three sentences were to run consecutively, but concur-

rently with the felony sentence that defendant was serving at Lansing.

On January 21, 1977, an abstract of appellant's three DWI convictions was prepared by the Driver Control Bureau of the State Department of Revenue and forwarded to the county attorney of Lane County. At that time, defendant was still in Lansing. The county attorney did not immediately commence prosecution of defendant as a habitual violator, reasoning that it was not mandatory to issue summons to the defendant at a time when he was in prison and unavailable for a hearing in Lane County. Defendant completed his felony sentence on January 27, 1978, and was released to Lane County to serve the balance of the DWI sentences. A motion was then filed in defendant's behalf for probation from the remaining twenty-two months of his DWI sentence. The following day, the county attorney of Lane County filed this action to have defendant declared a habitual violator pursuant to K.S.A. 8-286.

Both matters were heard on February 8, 1978. Defendant was placed on probation for three years commencing on April 1, 1978. Although K.S.A. 1977 Supp. 21-4611 appears to limit the initial period of probation to two years, no objection was made and that issue is not before us at this time.

The court also found defendant to be a habitual violator over the objection of defendant's counsel that the action was not commenced forthwith some thirteen months earlier upon receipt of the abstract of convictions. This appeal followed.

The relevant portion of K.S.A. 8-286 reads as follows:

"Upon receiving said abstract, the district or county attorney forthwith shall commence prosecution of such person in the district court of such county, alleging such person to be an habitual violator."

Defendant would have this court construe *forthwith* as being synonymous with *immediately.*

An appellate court's function is to ascertain the legislative intent and to uphold and make it effective if reasonably possible to do so. *Rausch v. Hill,* 164 Kan. 505, 190 P.2d 357 (1948). Our research has failed to disclose any Kansas cases which have construed the term *forthwith* and none are cited by the parties.

The stated purpose of the act (K.S.A. 8-284) is not to benefit a habitual violator; rather it is to provide maximum safety for all people who use the public highways by depriving habitual vio-

lators of the privilege of operating motor vehicles on the public highways of this state. We view the term *forthwith* as being a directive to the county attorney to carry out his duty to the public by removing habitual violators from public highways at the earliest opportunity. The failure to do so could possibly result in a mandamus or ouster action. We do not view the legislative intent as being a directive to discharge the defendant if the county attorney fails to file the action forthwith. As we view it, the word forthwith is directory and not mandatory, for it gives the county attorney directions for the proper, orderly and prompt conduct in carrying out legislative intent and is not followed by words of absolute prohibition. *Wilcox v. Billings,* 200 Kan. 654, 657, 438 P.2d 108 (1968).

In the absence of substantial prejudice, the lapse of time between a criminal act and the filing of charges is no defense if the charge is filed prior to the expiration of the statute of limitations. *United States v. Marion,* 404 U.S. 307, 30 L.Ed.2d 468, 92 S.Ct. 455 (1971); *United States v. Freeman,* 412 F.2d 1181 (10th Cir. 1969); *Walters v. Williams,* 474 P.2d 661 (Okla. Crim. App. 1970). Although not purely a criminal case, the case at bar was well within the statute of limitations.

The trial judge correctly determined the county attorney commenced the action forthwith within the meaning of the statute. The term forthwith as used in K.S.A. 8-286 does not mean immediately and is not susceptible to a fixed time definition; rather, it means without unnecessary delay and requires reasonable exertion and due diligence consistent with all the facts and circumstances of the case in order to carry out the legislative intent of removing habitual violators from the public highways of this state for an extended period of time. *N. C. Roberts Co. v. Topaz Transformer Products, Inc.,* 239 Cal. App. 2d 801, 49 Cal. Rptr. 209 (1966); *Certified Indemnity Co. v. Thun,* 165 Colo. 354, 439 P.2d 28 (1968); *District of Columbia v. Howie,* 230 A.2d 715 (D.C. App. 1967); *Ervin v. Beland,* 251 Md. 612, 248 A.2d 336 (1968); *Wallace v. Leggett,* 248 Miss. 121, 158 S.2d 746 (1963); *State v. Ward,* 31 N.C. App. 104, 228 S.E.2d 490 (1976); *Papin v. Imes,* 19 Ohio Op. 2d 114, 184 N.E.2d 269 (1961). In *Ward,* the North Carolina court held that a delay of twenty-seven months, when combined with the fact that it extended the time the defendant would be without a license by more than two years,

was unreasonable under the peculiar facts and circumstances present.

We find nothing in the record to suggest that defendant was unduly prejudiced by the delay. Admittedly, defendant was incarcerated and was unable to drive a motor vehicle during the year, and as a result he will be without a driver's license for one year longer than he would have been had a prompt determination been made. Defendant's incarceration is not the fault of the state. Had defendant not been incarcerated, he would have been able to drive and would not have incurred what he alleges to be an extra year's loss of his license. Under the facts of this case, we conclude there is sufficient evidence to support the trial court's decision, especially in view of the legislative intent to keep off the public highways those people who have repeatedly committed serious driving violations, and whose past conduct indicates they will commit further traffic offenses, thus endangering the safety and well-being of themselves and others. The defendant presented no danger to himself or others until he was released from prison. The action was then filed. While under other circumstances we might find both that the action was not brought forthwith and that it was unreasonable to withhold filing a habitual violator action until a prisoner has been released from prison, we do not so find in this case.

Affirmed.