## Alexandria

HERBERT EDWARD POTTER

v.

COMMONWEATLH OF VIRGINIA

No. 0888-88-4

Decided March 27, 1990

Counsel

Robert C. Whitestone (Whitestone, Brent, Young & Merril, P.C., on briefs), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

BENTON, J.—Herbert Potter was adjudged an habitual offender under Code § 46.1-387.2.[1] Potter was ordered to surrender his operator's license and to cease operation of any motor vehicle until such time as his privilege to drive was restored. Potter argues that the circuit court proceedings against him should have been dismissed because the Commonwealth failed to file the information "forthwith" in accordance with the statutory mandate. We affirm the judgment.

Potter was convicted three times of driving under the influence, in violation of Code § 18.2-266, and three times of driving on a revoked or suspended license, in violation of Code § 46.1-350.[2] These convictions occurred on July 21, 1981, September 8, 1981, April 26, 1984, September 8, 1981, April 16, 1984, and April 26, 1984, respectively. The April 26, 1984, conviction of driving under the influence resulted in Potter's license being suspended for a period of ten years. On June 15, 1984, Potter's license was suspended indefinitely for driving under the influence.

On February 10, 1987, the Commissioner of the Division of Motor Vehicles certified an abstract of Potter's record to the Fairfax County Commonwealth's attorney for the purpose of commencing habitual offender proceedings against Potter. Based upon this certification, the Commonwealth's attorney signed the infor-

[1] Now Code § 46.2-351.
[2] Now Code § 46.2-301.

mation on September 17, 1987, and filed it on January 20, 1988. At the April 14, 1988, adjudication hearing, Potter asserted that the eleven month lapse of time between the DMV certification and the filing of the information did not comply with the statutory requirement to file "forthwith." Finding that Potter had not been prejudiced by the delay, the circuit judge ruled that the Commonwealth had sufficiently complied with the statute and declared Potter an habitual offender.

 Code § 46.1-387.4,[3] in effect at the time of these proceedings, provided: "The attorney for the Commonwealth, upon receiving the aforesaid transcripts or abstracts from the Commissioner, *shall forthwith* file information against the person named therein in the court of record having jurisdiction of criminal offenses in the political subdivision in which such person resides." (emphasis added). The term "forthwith" has been defined as "requir[ing] reasonable promptness without unnecessary delay." *Bouldin v. Commonwealth*, 4 Va. App. 166, 171, 355 S.E.2d 352, 355 (1987); *see also Black's Law Dictionary* 588 (5th ed. 1979). Whether the Commonwealth's attorney instituted the proceedings "forthwith" depends upon the facts and circumstances of each case. *See Bouldin*, 4 Va. App. at 171, 355 S.E.2d at 355 (brief delay of eight days from time of receipt of abstract held not violative of Code § 46.1-387.4); *see also State v. Graham*, 12 Kan. App. 2d 803, 758 P.2d 247 (1988) (where six months of eighteen month delay was caused by incorrect or out of state address, dismissal of petition for failure to file "forthwith" was not appropriate); *State v. Garton*, 2 Kan. App. 2d 709, 586 P.2d 1386 (1978) (proceeding was commenced "forthwith," despite thirteen month delay, where defendant was incarcerated and was therefore not prejudiced by delay and action was instituted immediately upon his release); *State v. Ward*, 31 N.C. App. 104, 107, 228 S.E.2d 490, 492 (1976) (failure to act "forthwith" where district attorney instituted proceeding two years and three months after receiving abstract from Commissioner of Department of Motor Vehicles and respondent was prejudiced thereby).

 In the present case, eleven months elapsed between the certification of the abstracts by DMV and the filing of the petition by the Commonwealth's attorney. The only reason given for the delay

---

[3] Now Code § 46.2-353.

was the inability of the Commonwealth's attorney to process the information in a more expeditious fashion due to a heavy case load. We agree with Potter that the Commonwealth failed to provide a satisfactory excuse for the lengthy delay. Under these facts, the filing was not "forthwith."

■ We disagree with Potter's contention, however, that dismissal of the information was appropriate under the circumstances. Code § 46.1-387.9:2 allows a person adjudged an habitual offender under Code § 46.1-387.2 to petition the court for restoration of the privilege to operate a motor vehicle after the expiration of five years from the date of the habitual offender adjudication. Potter alleges prejudice flowing from the Commonwealth's delay in filing the information, which resulted in his being deprived of his driving privileges eleven months longer than if the Commonwealth had complied with the statutory framework. We are unpersuaded by this position. According to the record, Potter's license had been suspended for a ten year period as of April 26, 1984. Potter's license was further suspended indefinitely on June 15, 1984. As a result of these prior adjudications, Potter was not privileged to operate a motor vehicle at the time of the DMV certification or at any time prior to entry of the court's order. Potter's inability to drive during this period was not a product of the Commonwealth's delay in filing the information. *See Garton*, 2 Kan. App. 2d at 712, 586 P.2d at 1388. Moreover, because Potter was barred from operating a motor vehicle until April 26, 1994 under the previously imposed suspension, an eleven month delay in Potter's eligibility to seek restoration of driving privileges after five years cannot be considered prejudicial under the circumstances. We conclude that, in the absence of a showing of prejudice by the delay, dismissal of the information is not appropriate. *See id.* at 711, 586 P.2d at 1388.

For the foregoing reasons, the judgment of the circuit court is affirmed.

*Affirmed.*

Keenan, J., and Willis, J., concurred.