## CIRCUIT COURT OF FAIRFAX COUNTY

Robert Timmons Smith

v.

Commonwealth of Virginia

October 12, 1993

Case No. (Law) 126194

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on September 3, 1993, upon Plaintiff's petition for restoration of his driving privileges. After oral argument, the Court requested memoranda from the petitioner and the Attorney General and took the matter under advisement.

The Court now has had the opportunity to review the pleadings, agreed facts, exhibits and memoranda, and makes the following findings of facts. Over the last ten years, Mr. Smith has been convicted of three separate offenses of operating a motor vehicle while his license was suspended or revoked. Two of the convictions were in April of 1986 in the Utah state courts, and one was in the Fairfax General District Court on September 25, 1992. Subsequent to these convictions, on October 29, 1992, the Commissioner of the Division of Motor Vehicles certified the three abstracts to the Commonwealth's Attorney in Fairfax County as required by § 46.2-352. The Commonwealth's Attorney's office has not acted on the certification and, according to oral argument, has exercised "prosecutorial discretion" not to act, now or in the future. Mr. Smith now asks the Court to order the Commissioner to renew his driving privileges.

The issues surround the interpretation of § 46.2–352 and the 1992 amendment thereto. The language in question reads:

> After certification of any person as an habitual offender, the Department shall not thereafter issue a new or duplicate driver's license to any such person until (i) a show cause proceed-

ing has been held under § 46.2-354 and a notice of dismissal has been received by the Department from the clerk of the court as provided in § 46.2–355 or (ii) an order of license restoration has been received by the Department as otherwise provided in this article. Any license issued in contravention of this provision shall be invalid.

It is Mr. Smith's position that the Circuit Court has jurisdiction pursuant to this section to order the restoration of driving privileges after "certification" where it is clear that there will be no adjudication. The Court cannot agree. The specific language upon which Mr. Smith relies under subsection (ii) is not a broad authorization of the court to assume the administrative powers of the Division of Motor Vehicles. This clause refers to the court's authority "provided in this article" under sections 46.2-358 through 46.2–361. To argue otherwise would be to ignore the modifying clause. Mr. Smith's attempt to have the clause modify the language "received by the Department" ignores the previous clause in which "as provided in § 46.2–355" clearly modifies "notice of dismissal." To give a contrary interpretation to these two clauses simply fails to make sense.

Mr. Smith suggests that this interpretation creates an unconstitutional deprivation of a privilege without procedural due process. Again, the Court cannot agree. The statutory scheme provides for a hearing process upon certification of an individual as a potential habitual offender. In fact, it mandates it. Section 46.2–353 sets forth this procedure:

The attorney for the Commonwealth, on receiving the transcript or abstracts from the Commissioner provided for in § 46.2–352, *shall* forthwith file information against the person named therein in the court of record having jurisdiction of criminal offenses in the county, city, or town in which Division of Motor Vehicles records indicate to be the person's latest address. (Emphasis added.)

It is clear from the above that there is no "prosecutorial discretion" in this procedure. Upon receiving the certification, the Commonwealth's Attorney must institute proceedings to assure a hearing for the individual whose record has been certified. Failure to do so in this case may subject the Commonwealth's Attorney to a writ of mandamus to force a hearing at which the record can be examined and all issues,

including whether the information has been filed "forthwith" and whether there has been a prejudice in accordance with the standards of *Potter v. Commonwealth*, 10 Va. App. 113 (1990), can be argued. In addition, it would appear that at this stage, having made full examination of the underlying charges, the Commonwealth's Attorney could exercise discretion to move to dismiss or nonsuit the proceedings.

For the reasons set forth above, Mr. Smith's petition for license restoration is denied.