Nos. 92,250
92,344

MICHAEL E. FOSTER, *Appellee*, v. KANSAS DEPARTMENT
OF REVENUE, *Appellant*.
PAUL GRIGGS, *Appellee*, v. KANSAS DEPARTMENT
OF REVENUE, *Appellant*.
(130 P.3d 560)

Opinion filed March 24, 2006.

*J. Brian Cox*, of Legal Services Bureau, Kansas Department of Revenue, argued the cause and was on the briefs for appellant.

*John E. Stang*, of Hulnick Law Offices, P.A., of Wichita, argued the cause, and *Laura B. Shaneyfelt*, of the same firm, was with him on the brief for appellee Michael E. Foster.

*R. Matthew Lane*, of Treadwell Lane, LLC, of Wichita, argued the cause and was on the brief for appellee Paul Griggs.

The opinion of the court was delivered by

ALLEGRUCCI, J.: In separate cases, Michael Foster and Paul Griggs had their driving privileges suspended by the Kansas Department of Revenue (KDR) for refusing to submit to breath alcohol tests. Each filed a petition in the district court for judicial review of his license suspension. The district court vacated the suspensions on the ground that KDR had not "forthwith set" the matters for hearing as required by K.S.A. 8-1020(d). KDR appealed from the district court's decision, and its motion to consol-

idate the appeals was granted. The court transferred the case from the Court of Appeals. K.S.A. 20-3018(c).

KDR raises three issues on appeal:

1. Whether the court has jurisdiction to consider whether the administrative hearings were "forthwith set";

2. Whether the administrative hearings were "forthwith set" within the meaning of K.S.A. 8-1020(d);

3. Whether dismissing the driving privilege suspensions is an authorized remedy for KDR's not "forthwith setting" the administrative hearings.

The facts are not in dispute.

Foster was arrested January 28, 2003. KDR received Foster's request for an administrative hearing on February 4, 2003. KDR acknowledged receipt of Foster's hearing request on February 6, 2003. KDR's Notice of Hearing was dated April 3, 2003. The hearing was held on June 20, 2003.

At the administrative hearing, Foster raised the question of timeliness. The Administrative Hearing Notes include under the heading, "Other issues raised," the following: "Unreasonable delay—143 days have passed since date of incident." Foster also raised the question of timeliness in the district court.

Griggs was arrested March 30, 2003. KDR received Griggs' request for an administrative hearing on April 10, 2003. KDR acknowledged receipt of Griggs' hearing request on April 30, 2003. KDR's Notice of Hearing was dated June 3, 2003. The hearing was held on July 18, 2003.

At the administrative hearing, Griggs raised the question of timeliness. The Administrative Hearing Notes include under the heading, "Other issues raised," the following: "Hrg delay." Griggs also raised the question of timeliness in the district court.

We need to first address jurisdiction. Whether jurisdiction exists is a question of law over which this court has unlimited review. *Mid-continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

KDR contends that this court lacks jurisdiction to consider any issues beyond those enumerated in K.S.A. 8-1020(h)(1), which limits the scope of the administrative hearing. The statute provides:

"(h) (1) If the officer certifies that the person refused the test, the scope of the hearing shall be limited to whether:

(A) A law enforcement officer had reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both, or had been driving a commercial motor vehicle, as defined in K.S.A. 8-2,128, and amendments thereto, while having alcohol or other drugs in such person's system;

(B) the person was in custody or arrested for an alcohol or drug related offense or was involved in a vehicle accident or collision resulting in property damage, personal injury or death;

(C) a law enforcement officer had presented the person with the oral and written notice required by K.S.A. 8-1001, and amendments thereto; and

(D) the person refused to submit to and complete a test as requested by a law enforcement officer." K.S.A. 8-1020(h)(1).

KDR argues that this statute should function as a jurisdictional limit on the reviewing courts as well as on the agency so that the courts cannot consider a remedy should the hearing not be forthwith set.

KDR cites three Court of Appeals' cases in which judicial review of procedural issues was considered. The first is *Anderson v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 347, 853 P.2d 69, *rev. denied* 253 Kan. 856 (1993). Foster and Griggs rely on *Anderson*. In *Anderson*, the law enforcement officer failed to personally serve the DC-27 form to Anderson upon his refusal to submit to a breath test, as required by statute. KDR made the same argument it makes here. The Court of Appeals rejected the argument, stating that the statute "speaks only to substantive issues and does not attempt to limit procedural issues. Anderson is not precluded from raising the issue of personal service." 18 Kan. App. 2d at 349.

KDR contends, however, that *Anderson* has been superseded by the later decisions, *Schulz v. Kansas Dept. of Revenue*, 19 Kan. App. 2d 665, 668-69, 877 P.2d 1 (1993), and *Linenberger v. Kansas Dept. of Revenue*, 28 Kan. App. 2d 794, 796-98, 20 P.3d 1290, *rev. denied* 271 Kan. 1037 (2001).

In *Schulz*, the question was whether a procedural issue, the 5-day certification required by K.S.A. 8-1002(e), that could not be challenged at the administrative hearing could be raised on judicial review in the district court. The Court of Appeals held that it could not be raised on judicial review. 19 Kan. App. 2d 665, Syl. ¶ 2.

In *Linenberger*, the 5-day certification requirement again was at issue. With *Schulz* controlling the question whether the issue could be raised on judicial review, Linenberger argued that failure to comply with the certification requirement deprived KDR of subject matter jurisdiction. 28 Kan. App. 2d at 797. The Court of Appeals rejected the argument: "Neither *Anderson* nor *Schulz* stands for the proposition that failure to comply with the certification requirement of K.S.A. 1997 Supp. 8-1002(e) denies KDR subject matter jurisdiction to conduct an administrative hearing regarding suspension of a driver's license." 28 Kan. App. 2d at 797. Based on *Schulz*, the Court of Appeals concluded that the district court erred in considering the certification requirement and stated: "We are mindful that *Schulz* and our decision here leave no remedy for the enforcement of the 5-day certification requirement. We suggest that the legislature should address the 5-day certification requirement and/or what consequences should be imposed if the arresting officer fails to make timely certification of the notice of suspension." 28 Kan. App. 2d at 798. The statutory subsection that contains the 5-day certification requirement, K.S.A. 8-1002(e), has not subsequently been amended.

*Schulz* and *Linenberger* are distinguishable from the present cases on these facts. Both Foster and Griggs, in contrast to Schulz and Linenberger, raised the issue of timeliness during their administrative hearings. In addition, Foster points out that at his trial de novo in the district court, counsel for KDR conceded that the district court had jurisdiction to consider the timeliness question. The district judge asked: "You're not challenging their right in this case to attack the delay at this hearing jurisdictionally?" And KDR's attorney answered: "I don't have any other argument I can make. The answer is no." Examination of the transcript of Griggs' review in the district court reveals that the only issue before the district court was whether KDR complied with the timeliness requirement of K.S.A. 8-1020(d). KDR argued its position without questioning the district court's jurisdiction to consider the question of timeliness.

Our review is unlimited in interpreting a statute. There is nothing in K.S.A. 8-1020 which alters that standard of review. Thus,

KDR can raise the issue of timeliness and this court has jurisdiction to consider it.

We next consider whether the administrative hearings were "forthwith set" within the meaning of K.S.A. 8-1020(d)?

Any person who operates a vehicle in Kansas is deemed to have given consent to submit to testing for alcohol or drugs. K.S.A. 8-1001(a). If a person with a valid license refuses to undergo testing, the license in his or her possession is taken and a temporary license is issued. K.S.A. 8-1002(e). If the person makes a timely request for an administrative hearing, the temporary license remains in effect until 30 days after the administrative decision is made. K.S.A. 8-1020(b).

K.S.A. 8-1020(d) provides:

> "Upon receipt of a timely request for a hearing, **the division shall forthwith set the matter for hearing** before a representative of the director and provide notice of the extension of temporary driving privileges. Except for a hearing conducted by telephone or video conference call, the hearing shall be conducted in the county where the arrest occurred or a county adjacent thereto. If the licensee requests, the hearing may be conducted by telephone or video conference call." (Emphasis added.)

Foster's hearing was set 59 days after his request for a hearing and heard 78 days later. Griggs' hearing was set 55 days after his request for a hearing, and the hearing was held 35 days later.

The district court vacated the license suspensions of Foster and Griggs on the ground that the division failed to "forthwith set" their cases for administrative hearings within the meaning of K.S.A. 8-1020(d). With regard to the statutory language and legislative intent, the trial court wrote:

> " 'Forthwith' is not defined by K.S.A. 8-1020. Websters defines forthwith to mean (1) 'immediately;' 'without delay,' 'directly;' '(2) (Law) As soon as the thing required may be done by reasonable exertion confined to that object.' The term has been defined by the Kansas Court of Appeals in the context of the habitual violator law, K.S.A. 8-286. In that statute, the Court held that forthwith does not mean 'immediately;' rather it means 'without unnecessary delay and requires reasonable exertion and due diligence consistent with all facts and circumstances of the case in order to carry out the legislative intent . . . .' *State v. Garton*, 2 Kan. App. 2d 709, 586 P.2d 1386 (1978). The legislative intent underlying the habitual violator law and the administrative suspension for refusal to submit to testing is

somewhat different. Though both are remedial statutes, the legislative intent underlying the suspension is to 'quickly remove dangerous drivers from the street to prevent them from injuring others.' See *State v. Mertz*, 258 Kan. 745, 760, 907 P.2d 847 (1995). Failure to forthwith set a hearing pursuant to K.S.A. [8-1002(d)] undermines and defeats the legislative purpose of promptly suspending the offending driver's privileges."

The trial court also noted that "[t]he prior statutory language (K.S.A. 8-1002[k]) applicable to administrative hearings provided:

" 'If a timely request for hearing is made, the hearing shall be held within 30 days of the date the request for hearing is received by the division, except that failure to hold such hearing within 30 days shall not be cause for dismissal absent a showing of prejudice.' " L. 1993, ch. 275, sec. 2(k).

The trial court continued:

"[U]nder prior law, the hearing was required to be *held* within the indicated time frame whereas the new law requires only that it be *set*. The legislature also eliminated a specific number of days in which the KDR must act. In place of a specific time frame, the legislature requires only that the hearing be forthwith set. The legislature also removed the statutory requirement that a plaintiff show prejudice before the matter can be dismissed for failure of the KDR to comply with the statute."

In both cases, both parties referred the trial court to an unpublished Court of Appeals decision, *Haworth v. Kansas Dept. of Revenue*, No. 89,325 unpublished opinion filed August 15, 2003 (2003 WL 21981949). With regard to *Haworth*, the trial court wrote:

"Although the issues are not identical [in *Haworth* and *Garton*], *Haworth* did adopt the 'forthwith' definition set forth in *Garton* and found that 'by deleting the 30-day time requirement in K.S.A. 2000 Supp. 8-1002(k) and using the language set forth in K.S.A. 8-1020(d), the legislature was obviously refusing to limit the time to a specific number of days.' The *Haworth* court found a 1 month delay between the request and the scheduling of the hearing complied with legislative intent."

The trial court concluded that K.S.A. 8-1020(d)

"plainly requires prompt action in scheduling the hearing. KDR is *required* to act diligently and without undue delay in setting the matter for hearing . . . . Here, the delay in setting the hearing is almost twice the length of time which *Haworth* found acceptable. In the court's view, the 59-day delay [and 55-day delay] in setting the hearing violates the legislative direction to 'forthwith set' the hearing. The suspension process is intended to be carried out quickly to protect the public,

as well as to ensure due process to the driver, and legislation's statutory purpose is defeated by significant delay such as occurred here."

The principal question on appeal, as it was in the district court, is the construction of the term "forthwith set" in 8-1020(d). Interpretation of a statute is a question of law, and this court's review is unlimited. *Cooper v. Werholtz,* 277 Kan. 250, 252, 83 P.3d 1212 (2004).

On appeal, KDR argues that the length of time for setting hearings for Foster and Griggs is commensurate with time frames for the disposition of cases in district court in civil and criminal matters. KDR directs the court's attention to the Time Standards for civil and criminal cases in district courts, which are set out in Rules Relating to District Courts (2005 Kan. Ct. R. Annot. 93), K.S.A. 60-252a (trial by the court), and K.S.A. 2005 Supp. 22-3402 (speedy trial). Foster views district courts' time frames for disposition of cases as irrelevant to KDR's scheduling administrative hearings and dubs the comparison "kiwis to pumpkins." KDR states that Foster and Griggs waited longer for their district court decisions than they did for their administrative decisions, and argues that KDR should not be required to act more quickly than the reviewing court. KDR, however, offers no reasons why KDR and district courts should be subject to the same guidelines and why, if they were intended by the legislature to operate within the same time limitations, the Time Standards were not referenced in the statute. We question the relevancy of these time frames in interpreting K.S.A. 8-1020(d), and, even if they were, the range of the Time Standards—from 30 days to 365 days—is too broad to be meaningful. It may also be noted that the Time Standards, with the single exception of a recommendation for the timing of an initial discovery conference in non-domestic Chapter 60 civil cases, apply to the final dispositions of cases rather than to setting a hearing.

With regard to the term "set," Griggs criticizes the *Haworth* decision for assuming that "set" in the phrase "forthwith set" means only the scheduling of hearings rather than when a hearing must be conducted. He also contends that KDRs being unable to

suspend his client's driver license until after a hearing has been conducted makes the *Haworth* construction of "set" run counter to the statutory admonition to liberally construe the implied consent statutes in order to promote public safety. See K.S.A. 8-1001(q). Griggs' proposed construction of "set" runs counter to the canon of statutory construction holding that when the legislature revises an existing law, the court presumes that the legislature intended to change the law as it existed prior to the amendment. *Kaul v. Kansas Dept. of Revenue*, 266 Kan. 464, Syl. ¶ 3, 970 P.2d 60 (1998). As noted by the district court, the prior statutory language (K.S.A. 2000 Supp. 8-1002[k]) requiring KDR to hold a hearing within 30 days of KDR's receipt of a request for hearing was changed to require KDR to "forthwith set" a hearing upon receipt of a request. The district court presumed that the legislature intended to change a certain number of days to an unspecified time period and to change the requirement that a hearing be held to one that a hearing be scheduled. Because the legislature chose to change the verb from held to set as well as to change the timing from 30 days to forthwith, it makes the district court's application of change to both aspects of the requirement sound. Moreover, in *Haworth*, the Court of Appeals stated:

> "The word 'set' is not defined in Kansas law. However, in *Mutual Bldg. & Loan Assn. v. Corum*, 220 Cal. 282, 291, 30 P.2d 509 (1934), the court stated: '[T]he verb "to set," commonly understood in legal parlance as the fixing by the court . . . of a definite future date for the trial of an action . . . .' Thus, the word 'set' does not mean to conduct or hold a hearing; it means to schedule a hearing." Slip op. at 3.

We agree.

KDR urges the court to adopt the meaning given to the term "forthwith" in *State v. Garton*, 2 Kan. App. 2d 709, Syl. ¶ 1, 586 P.2d 1386 (1978). At issue in *Garton* was K.S.A. 8-286 (Ensley 1982), which provided that the State "forthwith shall commence prosecution" against those persons alleged to be habitual violators. Prosecution of Garton as an habitual violator was not commenced until a year after the abstract of his three DWI convictions was sent to the county attorney. Garton argued that the county attorney

did not forthwith commence prosecution as required by K.S.A. 8-286. The Court of Appeals rejected his argument stating:

"The trial judge correctly determined the county attorney commenced the action forthwith within the meaning of the statute. The term forthwith as used in K.S.A. 8-286 does not mean immediately and is not susceptible to a fixed time definition; rather, it means without unnecessary delay and requires reasonable exertion and due diligence consistent with all the facts and circumstances of the case in order to carry out the legislative intent of removing habitual violators from the public highways of this state for an extended period of time. [Citations omitted.]" 2 Kan. App. 2d at 711.

Griggs argues that the legislature's removing the requirement of prejudice for dismissal coupled with the change from within 30 days to "forthwith set" indicates that the legislature intended "forthwith set" to mean fewer days than 30. In other words, Griggs' position is that the changes tightened the time frame in which KDR must hold a hearing and increased the likelihood that a licensee would realize a dismissal by eliminating the necessity of showing prejudice from delay. We disagree and interpret the changes as increasing the time frame if justified by the circumstances in a given case.

K.S.A. 77-621(a)(1), which is part of the KJRA, provides that the "burden of proving the invalidity of agency action is on the party asserting invalidity." KDR contends that Foster and Griggs failed to satisfy their burdens. KDR bases its contention on *Haworth* that what Foster and Griggs failed to prove was that there was unnecessary delay in the setting of their hearings. The following passage from *Haworth* appears to be the basis for its contention: "Applying the interpretation of the words 'set' and 'forthwith' as defined in *Mutual* [*Bldg & Loan Assn.*, 220 Cal. 282] and *Garton* to K.S.A. 8-1020(d), means that the hearing should be scheduled without unnecessary delay. . . . Haworth has not provided any evidence that the setting and date of the hearing was unnecessarily delayed." Slip op. at 3.

Anticipating the argument that licensees are not in positions to show that KDR unnecessarily delayed the hearings, KDR states that licensees should engage in discovery in order to meet their burden. KDR's suggestion was not made with practical effects in-

mind—KDR would only add to the workload it blames for delay by having to respond to such discovery requests in the "approximately 50 to 60 form DC-27's per day" KDR states it receives. We find little merit in KDR's argument.

In *Garton*, the Court of Appeals defined "forthwith" as used in K.S.A. 8-286 (Ensley 1982). That definition is set out above, and it was applied in *Haworth* in interpreting K.S.A. 8-1020(d). We now adopt and apply that definition in context of the license suspensions in the present case, and in so doing recognize that what constitutes a "forthwith setting" is a case by case determination. We view the changes in the statute, taken together, as effecting a balance by easing KDR's burden by allowing more time for setting and holding the hearing, and easing the licensee's burden pending the hearing. It is in the interest of the public for the hearing to be set forthwith, and the changes do not alter the emphasis on protecting the public from dangerous drivers. Thus, the statute should be interpreted from the perspective of protecting the public rather than the licensee. The legislature recognized that in certain circumstances KDR may necessarily need more than 30 days to set the hearing. If the delay in setting the hearing was necessary and did not result from a lack of due diligence or reasonable exertion on its part, then the setting is forthwith and complies with the statute■

The trial court did not make the requisite factual findings to support its ruling that KDR failed to forthwith set the hearing. It ruled, as a matter of law, that the setting was not forthwith. Although the trial court noted the changes made to K.S.A. 8-1020, it failed to properly apply the above definition of "forthwith set" when it considered only the lapse of time. Therefore, this matter needs to be remanded to the trial court to properly apply the above definition in determining if the hearings were "forthwith set."

We next consider KDR's contention that dismissing the driving privilege suspensions is not an authorized remedy for failure to forthwith set the hearing.

The district court dismissed the suspensions of Foster and Griggs' driving privileges, stating that "KDR has the obligation to comply with the statute" and "to allow KDR to proceed with the

suspension process in violation of the statute would empower KDR to disregard express legislative direction without any consequence." With regard to its authority to dismiss the suspensions, the district court stated:

"The 'old law' did not affirmatively authorize dismissal as the remedy for failure to timely hold a hearing but it implicitly recognized dismissal as an appropriate consequence because it placed a limitation on dismissals, *i.e.*, it limited dismissal to those instances where prejudice was demonstrated. When the legislature removed the 30 day hearing requirement and directed only that a hearing be forthwith set, it also removed the statutory limitation (prejudice) on dismissals. In so doing, the legislature did not manifest any intent to disallow dismissal of the proceeding as a consequence for failure to follow the statute, rather, it removed the prejudice requirement."

The question whether the district court was authorized to dismiss the suspensions involves statutory interpretation, which is a question of law, and this court's review is unlimited. *Cooper v. Werholtz*, 277 Kan. at 252.

KDR contends that K.S.A. 8-1020(d) must be read in concert with K.S.A. 8-1001(q), which provides: "This act is remedial law and shall be liberally construed to promote public health, safety and welfare." KDR also urges application of *Garton* and *State v. Graham*, 12 Kan. App. 2d 803, 758 P.2d 247 (1988), both habitual violator cases. KDR specifically quotes from *State v. Walden*, 15 Kan. App. 2d 139, 803 P.2d 1054 (1990), the following:

"The 'forthwith' language in the statute has been previously construed to be directive only and dismissal of a habitual violator action is not an appropriate remedy for failure to comply with the statutory directive. *State v. Graham*, 12 Kan. App. 2d 803, 806, 758 P.2d 247 (1988); *State v. Garton*, 2 Kan. App. 2d 709, 710-11, 586 P.2d 1386 (1978)."

Despite the express language of 8-1001(q) requiring that the implied consent statutes be liberally construed, Foster argues that Kansas appellate courts treat Article 10 of Chapter 8 of the Kansas statutes as penal statutes that are to be strictly construed. He cites cases that were decided in 1992 or before. In 1993, the legislature added to 8-1001 the provision that the "act is remedial law and shall be liberally construed to promote public health, safety and welfare." L. 1993, ch. 275, sec 1(i). Griggs cites K.S.A. 77-622(b),

a provision of the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), as authority for the district court's dismissal of the license suspensions. The statute provides:

"The court may grant other appropriate relief, whether mandatory, injunctive or declaratory; preliminary or final; temporary or permanent; equitable or legal. In granting relief, the court may order agency action required by law, order agency exercise of discretion required by law, set aside or modify agency action, enjoin or stay the effectiveness of agency action, remand the matter for further proceedings, render a declaratory judgment or *take any other action that is authorized and appropriate.*" (Emphasis added.) K.S.A. 77-622(b).

This statute authorizes the reviewing court to act as authorized and does not answer the question whether the reviewing court is authorized to dismiss the suspensions.

In *In re T.K.*, 11 Kan. App. 2d 632, 731 P.2d 887 (1987), dismissal for failure to conduct a de novo review hearing within 30 days as provided in K.S.A. 38-1683(a) was before the Court of Appeals. The Court of Appeals held that T.K. was not entitled to a dismissal, stating:

"While the 30-day requirement is clear and unambiguous, its provisions must be read in concert with 38-1601, the general legislative purpose section. To automatically throw out a case that was not heard de novo by a district judge on the 31st day following appeal would not be consistent with the legislative instructions that the Code be 'liberally construed' for the ends enumerated.

"In addition, a rigid and legalistic interpretation of the appeal provisions does little to further the parental interests of the State. While the clear purpose of 38-1683(a) is to provide a prompt review of the district magistrate judge's decision, order and promptness are the general characteristics of a directory statute.' The legislature itself has provided no remedy where the 30-day limit has been transgressed. The main legislative purposes articulated in K.S.A. 38-1601 are not defeated when the hearing is not promptly held." 11 Kan. App. 2d at 636-37.

However, there is a difference between the present case and *In re T.K.* The difference lies in the underlying intent of the statutes. K.S.A. 8-1020(d) is remedial in that it protects the public. Its purpose "quickly removes dangerous drivers from the street to prevent them from injuring anyone." *State v. Mertz*, 258 Kan. 745, 760, 907 P.2d 847 (1995). In the context of the implied consent statutes, the legislative purpose of removing dangerous drivers from public roadways is impaired when a hearing is not promptly held. Without

question, though, dismissing the suspension for KDR's failure to promptly conduct a hearing would defeat, not just impair, the legislative purpose.

KDR also cites *Jones v. The Grain Club*, 227 Kan. 148, 605 P.2d 142 (1980), for the general rule in Kansas administrative law that a "showing of prejudice is necessary before agency action can be set aside for lack of punctuality." 227 Kan. at 153. Jones filed a civil rights complaint with the Kansas Commission on Civil Rights. The district court dismissed the complaint based solely on the passage of 39 months before the hearing was held. This court reversed, stating: "In the absence of any evidence of prejudice, dismissal of the complaint is not justified." 227 Kan. at 150. Further, "[E]ven in the absence of statutory limitations against processing stale complaints, such complaints may be dismissed by the district court for unreasonable delay in agency processing if the delay results in prejudice." 227 Kan. at 153.

We disagree with the trial court that removing the prejudice requirement from the statute would allow dismissal without a showing of prejudice. The language of K.S.A. 2000 Supp. 8-1002(k) precluding dismissal "absent a showing of prejudice" was simply stating what was already the existing law. See L. 1993, ch. 275, sec. 2. It was superfluous. Notwithstanding the removal of the requirement to show prejudice, a showing of prejudice was still required to justify setting aside the suspensions and dismissing the case. Thus, the district court erred in vacating the suspensions and dismissing this case. Upon remand, if it finds the hearing was not set forthwith, the district court must make a factual finding as to prejudice. If such finding shows that Foster was prejudiced, his suspension may be vacated and the case dismissed, and if not, the order of suspension must be affirmed. The same is true as to Griggs.

Reversed and remanded for further proceedings in accordance with the views expressed herein.

LOCKETT, J., Retired, assigned.